THORNAL, Justice.
In a prohibition proceeding the relator Coleman moves for the issuance of a rule absolute to prevent the respondent Florida Board of Pharmacy from revoking his pharmacy license notwithstanding the return of the respondent.
The point for determination is whether prohibition is the appropriate proceeding under the circumstances reflected by the record.
It is alleged that relator successfully passed the pharmacy examination in 1953. He was granted a license by the Pharmacy Board. At that time the Statute, § 465.02, Florida Statutes 1949, F.S.A., required the Board to give the pharmacy examination to all applicants “who shall have previously paid the required fee and who may have presented to said board satisfactory proof that he is at least twenty-one years of age and a graduate of an accredited school or college of pharmacy, * * * and who shall meet such additional requirements as to moral character, age and education as the board may from time to time prescribe; % * *»
The relator is not a graduate of an accredited school or college of pharmacy. At the time he was examined, the then members of the Board interpreted the statute to mean that this was not a mandatory requirement for eligibility to take the pharmacy examination. In 1955 the then members of the Board initiated proceedings to revoke *258 relator’s license. The basis for revocation is alleged to be the incorrect interpretation of the above quoted statute as applied by the predecessor Board. For an interpretation of this statute, see Attwood v. State ex rel. Newman, Fla.1951, 53 So.2d 825.
Under Section 465.101, Florida Statutes 1955, F.S.A., the respondent Board is authorized to revoke or suspend a pharmacist’s license where such was obtained “by misrepresentation or fraud or through a mistake of the 'board of pharmacy, * * Respondents here contend that relator obtained his license through “a mistake of law” made by the predecessor Board. This “mistake” is asserted as justification for revocation of relator’s license theretofore issued. On the motion for the rule absolute relator contends that the alleged “mistake” is not such as to justify the revocation of his license. The respondents contend that the Board proceeded within its authority and that its action should not be reviewed by prohibition.
We hold that under the situation reflected by this record prohibition is not the appropriate remedy to accomplish a review. In proceeding under the statute, the respondent Board acted within the orbit of the authority granted to it by the Legislature. Whether the Board exercised its power properly or correctly or whether there were meritorious defenses available to the relator against the exercise of the power are not questions to be determined in this proceeding. They are matters which may be the subject of judicial review by appeal in accordance with Section 465.20, Florida Statutes 1955, F.S.A.
The briefs reflect that actually there is presently pending in the Circuit Court of Leon County an appeal from the order of the respondent Board that is here assaulted by the suggestion for writ of prohibition. The order has also been superseded. These facts have also been conceded at the oral arguments on this matter before this court. In the orderly course of judicial proceedings provided by the statute, the order here under attack may be reviewed by the Circuit Court. If aggrieved by the order of the Circuit Court, either party in the ultimate will have the right of review by this court by an orderly appellate process provided by law.
In considering the merits of this matter on appeal, the Circuit Court is not to construe this opinion as in any way reflecting the attitude of this court on the merits of the controversy. The decision here is grounded entirely on the proposition of procedure.
The issuance of the rule nisi on March 27, 1956 was made expressly subject to the proviso that “it shall not operate as a stay of the running of the period of time in which an appeal may be entered in said cause”. Regardless of the correctness of the ruling of the respondent Board in revoking the license of the relator, a matter upon which we do not now pass, it nevertheless had the basic power to act. This court should not interfere with the orderly processes for review by way of appeal by the issuance of the rule absolute under the circumstancs reflected by this record. For analogy see State ex rel. Swearingen v. Railroad Commissioners of Florida, 79 Fla. 526, 84 So. 444.
The cause should be permitted to take its orderly course through the appellate processes provided by statute. The motion for a rule absolute in prohibition is therefore
Denied.
THOMAS, HOBSON, DREW and O’CONNELL, JJ., concur.
TERRELL, C. J., and ROBERTS, J., dissent.