119 So.2d 417 (1960)
Lloyd P. BLOOMFIELD, Doing Business As Hari-Kari Distributing Company, Petitioner,
v.
Nathan MAYO, As Commissioner of Agriculture of the State of Florida, Respondent.
No. B-346.
District Court of Appeal of Florida. First District.
April 12, 1960.
*419 Fuller Warren and Kenneth L. Ryskamp, Miami, for petitioner.
Wm. C. Pierce, Tampa, for respondent.
WIGGINTON, Chief Judge.
Petitioner seeks review by certiorari of a purported judgment denying certiorari in a proceeding instituted by it in the Circuit Court of Leon County.
Petitioner manufactures a pesticide product marketed under the tradename of Hari-Kari Lindane Dry Vaporizer. It applied to the Commissioner of Agriculture for registration of this product as required by the statutes of this state.[1] The application was processed and disposed of in accordance with that provision of the statute which reads as follows:
"The commissioner, whenever he deems it necessary in the administration of this chapter, may require the submission of evidence of the efficiency of any pesticide. This evidence shall be examined by the technical committee who shall make recommendations to the commissioner as to whether or not it shall be accepted for registration. If it appears to the technical committee that the composition is such as to warrant the proposed claims for it, and if the article and its labeling and other material required to be submitted comply with the requirements of § 487.03, the commissioner shall register the article. If it does not appear to the technical committee that the article is such as to warrant the proposed claims for it, the committee shall advise the commissioner to this effect and the commissioner shall refuse registration. In order to protect the public, the commissioner, upon recommendation of the technical committee, after hearing, may at any time cancel the registration of pesticide. In no event shall registration of an article be construed as a defense for the commission of any offense prohibited under § 487.03. Laws 1953, c. 28214, § 4."[2]
Following submission of its formal application, petitioner was advised that the pesticide technical committee would meet at a stated time and place to consider, among other things, the toxicity of Lindane vapors and the safety of Lindane vaporizers for use in homes. The notice advised petitioner that the information presented at the meeting would be used in deciding what recommendation would be made to the Commissioner of Agriculture in reference to the registration of such products. Petitioner was invited to attend the meeting and present any information which it may have concerning the subjects of the inquiry. Pursuant to this notice petitioner attended a meeting of the committee at which petitioner furnished certain information concerning the manufacture and use of its product. The meeting was informal in nature, and bore none of the characteristics of a judicial hearing. No witnesses were called nor sworn, nor was the proceeding reported. Some forty days thereafter the committee addressed a letter to the Commissioner of Agriculture which in substance recommended against the registration of petitioner's product for home use. The committee's recommendation contained no findings of fact, nor did it express any conclusion of law with respect to petitioner's right to registration of its product under the controlling provisions of the statute. Petitioner was subsequently advised by the supervising inspector of the Department of Agriculture that his office had been advised *420 by the state chemist that the Commissioner of Agriculture had refused registration of petitioner's product. It was further advised that stop sale notices had been issued against this product. There is no evidence that the Commissioner himself ever entered an order setting forth his findings and conclusions with respect to petitioner's right to registration of its product, or formally denying registration.
Following receipt of the foregoing notice petitioner filed a complaint for declaratory relief in the Circuit Court of Leon County. By its complaint petitioner averred the foregoing facts, and alleged that it is in doubt as to the authority of the Commissioner of Agriculture to deny registration of its product upon the recommendation of the committee, and is in doubt as to the authority of the Commissioner of Agriculture, under the circumstances of the case, to deny registration or issue a stop sale notice to all retailers handling petitioner's product. The complaint sought a decree determining the rights, status and other equitable and legal remedies of the plaintiff and for an injunction restraining the Commissioner from further action under his stop sale notice. The complaint further prayed for a decree declaring that plaintiff's product is entitled to registration and ordering that it be registered by the Commissioner as eligible for sale in Florida.
To the complaint the Commissioner filed a motion to dismiss on the ground that the order refusing registration was reviewable only by common law certiorari, and was not subject to collateral attack by a suit for declaratory relief. The trial judge deferred ruling on the Commissioner's motion and ordered that an answer to the complaint be filed. The answer denied the material allegations of the complaint with respect to petitioner's right to registration of its product, and alleged that the evidence before the committee fully warranted its recommendation that registration be denied. Upon the issues thus made by the complaint and answer, extensive testimony was taken.
Upon consideration of the evidence the court rendered a final judgment in the form of a memorandum decision setting forth its findings and conclusions. In its judgment the court found that the proceeding was one by which plaintiff was attempting to review by petition for declaratory relief a quasi-judicial order entered by the Commissioner. The chancellor thereupon granted the Commissioner's motion to dismiss the complaint, and proceeded to consider the complaint as constituting a petition for writ of certiorari. The court then held that the documents offered and received in evidence, together with testimony adduced in the proceedings, would substantially constitute what would be the record of the matters which were before and considered by the committee as a basis for its recommendation. The court considered the record before it as the record of the proceedings before the committee, and treated the Commissioner's answer as an attack on the petition for certiorari. The court found on the basis of the evidence that plaintiff had failed to demonstrate that the committee had acted arbitrarily or abused its discretion in recommending that plaintiff's product not be registered. Upon reaching this conclusion the relief prayed for was denied and the action dismissed.
By its first point on appeal petitioner challenges the correctness of the trial court's judgment dismissing its petition for declaratory relief and treating it as a petition for writ of certiorari. The applicable rule of appellate procedure provides that all appellate review of the rules of any commission or board shall be by certiorari.[3] A literal reading of the rule might lead to the conclusion that certiorari is the only permissible method of reviewing *421 any order entered by a board or commission regardless of whether the order in question was quasi-judicial in character, or was merely an executive, legislative or administrative order entered in a proceeding having none of the characteristics or artributes of judicial or quasi-judicial function. We think, however, that this question has been conclusively answered by the Supreme Court in the Furen case.[4] That decision leads to the inescapable conclusion that the type of certiorari to review administrative orders contemplated by Rule 4.1 is common law certiorari in which the scope of review is narrowly limited to a determination of whether the administrative agency acted without or in excess of its jurisdiction, or whether it departed from essential requirements of law in entering the order sought to be reviewed. It is settled in this state that common law certiorari is limited only to review of judicial or quasi-judicial orders of administrative boards, bodies or officers.[5] In determining whether review by certiorari of the administrative order questioned in this proceeding is one which may be reviewed only by certiorari within the contemplation of Rule 4.1, we must first determine whether the order in question is quasi-judicial in character.
It seems clear from the decision of the Supreme Court that the test of a quasi-judicial function turns on whether or not the statutory tribunal had exercised a statutory power given it to make a decision having a judicial character or attribute, and consequent upon some notice or hearing to be had before it as a condition for the rendition of the particular decision made. Where an order of an administrative board or commission is purely administrative or quasi-legislative or quasi-executive in character and quality, such an order is not capable of being reached or affected by the writ of certiorari unless, as an incident to the arriving at or making of such order by the promulgating authority, a notice and hearing, judicial in nature, is required by law to be observed as a condition precedent to the commission's or board's exercise of the administrative, quasi-legislative or quasi-executive power comprehended in the terms of the order it attempts to enunciate. Even so, an administrative, quasi-legislative or quasi-executive order, after it has already been entered, may have a quasi-judicial attribute if capable of being arrived at and provided by law to be declared by the administrative agency after express statutory notice, hearing and consideration of the evidence to be adduced as a basis for the making thereof.[6]
It thus appears that before an administrative order may be considered quasi-judicial in character and therefore subject to review by certiorari, the statute authorizing the entry of such an order must also require that the administrative agency give due notice of a hearing to be held on the question to be considered, and provide a fair opportunity to be heard in a proceeding in which the party affected is accorded the basic requirements of due process of law. A careful examination of the statute now under consideration which vests the Commissioner of Agriculture with authority to grant or deny registration of a pesticide product contains no provision requiring that an applicant for registration be given due notice of a hearing at which the question of eligibility for registration will be heard in accordance with the basic requirements of due process. Singularly enough, the statute does require that before an outstanding registration of a pesticide product may be cancelled by the Commissioner, the registrant must be given reasonable notice and granted a *422 hearing before a valid order of cancellation may be entered. The absence of such protective language with respect to an application to register a pesticide product denudes the Commissioner's order denying registration of any of the characteristics or attributes of a quasi-judicial order. An order of the Commissioner denying registration under the provisions of the statute here considered must, therefore, be considered administrative in character, and not such a quasi-judicial order as may be reviewed by certiorari within the contemplation of Rule 4.1.
Having arrived at the conclusion hereinabove expressed, we are of the view that the trial court erred in holding that the administrative order under consideration was quasi-judicial in character and subject to review only by certiorari.
Furthermore, a proceeding in certiorari contemplates that the reviewing court's consideration shall be confined strictly and solely to the record of the proceedings conducted by the administrative agency on which its questioned order is based. In the case before us it is perfectly clear that no hearing, quasi-judicial in character, was either required by the statute nor held by the agency. The meeting of the committee was informal in nature and consisted more of an exchange of views and exhibition of documents explaining and extolling the merits of plaintiff's pesticide product rather than a quasi-judicial proceeding. No record of what transpired at this meeting was made, nor did the committee's recommendation to the Commissioner contain any findings of fact nor conclusions with respect to petitioner's rights under the statute. There having been no record of the proceedings conducted by the administrative agency, there was no record which the trial judge could review on a proceeding in certiorari.[7] The attempt by the trial court to re-establish the record and then to consider such record as being substantially the same record upon which the agency based its order was without authority of law.
In addition, the recommendation of the technical committee being devoid of any findings or conclusions with respect to appellant's rights to register its product under the applicable statute, it was impossible for the trial court to determine whether the technical committee or the Commissioner acted in accordance with essential requirements of law. Under such circumstances, even had review by certiorari been proper, the order would have been subject to quashal.[8]
Having determined that certiorari was not the proper method of reviewing the order now under attack, we turn to a consideration of whether the suit for declaratory relief was proper. If the only relief sought by appellant was to secure a right to registration of its product allegedly given it by statute, which right was being wrongfully denied it by the administrative order under assault, the proper method of procedure would have been by petition for writ of mandamus.[9] In this case, however, in addition to the legal relief sought by appellant, it also prayed for an injunction to restrain the Commissioner from issuing stop sale notices with respect to its product. Since injunctive relief could not be afforded in a mandamus action, we are of the view that the declaratory relief procedure adopted by appellant was proper. This type proceeding is one which is neither essentially law nor equity, but is a combination of both. The court had jurisdiction to hear and determine the legal issue with respect to petitioner's right to registration, and also to hear and determine *423 the equitable issue of petitioner's right to an injunction. We therefore conclude that the trial court committed error in refusing to consider petitioner's petition as one for declaratory relief.
As stated above, the trial judge initially withheld its ruling on the Commissioner's motion to dismiss the petition for declaratory relief, and required that an answer thereto be filed. The answer joined issue with the allegations of the petition with regard to the petitioner's right under the statute to registration of its product, and alleges that the evidence considered by the committee was sufficient to justify the Commissioner's order refusing registration. It was upon these issues that testimony was taken before the court. Had the trial judge based its final judgment on the issues made by the pleadings, and as a trier of fact resolved the issues in accordance with the preponderance of evidence rule, his error in treating the proceeding as one in certiorari would be harmless.
It is evident, however, from the recital in the final judgment that the court resolved the issues before it by principles which are applicable only to a proceeding in certiorari. By its judgment the court found and held that the only question before it for consideration was narrow in scope, and was restricted to a determination of whether there was substantial competent evidence to support the recommendation of the committee, and whether that recommendation constituted an abuse of discretion. It held that the court was not authorized to determine what conclusion it would have come to on the basis of the evidence before it, but only whether or not the members of the committee acted arbitrarily in reaching their conclusion. Having misconceived its proper function in resolving the issues made by the petition and answer, and having decided the disputed factual issues in accordance with principles of law applicable only to certiorari and not applicable to suits for declaratory relief, the judgment appealed from cannot be said to accord with the essential requirements of law.
The judgment appealed from is accordingly reversed and the cause remanded with directions that the trial court reconsider the issues made by the pleadings filed herein on the basis of the record as now constituted, and as the trier of fact resolve those issues in accordance with the preponderance of the evidence, and render a decree consistent with principles of law properly applicable thereto.
Reversed.
STURGIS, J., concurs.
CARROLL, DONALD, J., concurs in the result.
NOTES
[1] Ch. 487, F.S., F.S.A.
[2] Sec. 487.04(5), F.S., F.S.A.
[3] "All appellate review of the rulings of any commission or board shall be by certiorari as provided by the Florida Appellate Rules. * * *" Rule 4.1, F.A.R., 31 F.S.A.; Codomo v. Shaw, Fla. 1958, 99 So.2d 849.
[4] State of Florida v. Furen, Fla., 118 So.2d 6.
[5] DeGroot v. Sheffield, Fla. 1957, 95 So.2d 912.
[6] West Flagler Amusement Co., Inc. v. State Racing Comm., 122 Fla. 222, 165 So. 64; Florida Motor Lines, Inc. v. Railroad Commissioners, 100 Fla. 538, 129 So. 876.
[7] DeGroot v. Sheffield, see note 5; In re Smith, Fla. 1954, 74 So.2d 353.
[8] McRae v. Robbins, 151 Fla. 109, 9 So.2d 284; Laney v. Holbrook, 150 Fla. 622, 8 So.2d 465, 146 A.L.R. 202.
[9] State ex rel. Wedgworth Farms, Inc., v. Thompson, Fla. 1958, 101 So.2d 381; DeGroot v. Sheffield, see note 5.