143 So.2d 473 (1962)
Kenneth TESTON and R.O. Lee, Petitioners,
v.
The CITY OF TAMPA, a Municipal Corporation, and H.D. Pelhank, G.M. Echelman, M.D., L.E. Enzweiler, James E. White, L.C. Lehman, H.C. Fields, Neal G. Brown, L.E. Jones and William Kaplan, As and Constituting the Board of Trustees of the Police and Firemans Pension Fund of the City of Tampa, Respondents.
No. 31687.
Supreme Court of Florida.
July 25, 1962.
*474 Sam Bucklew of Bucklew & Ramsey, Tampa, for petitioners.
Paull E. Dixon, A. Broaddus Livingston and Robert H. Carlton, Tampa, for respondents.
THORNAL, Justice.
By petition for writ of certiorari we are requested to review a decision of the District Court of Appeal, Second District, which is claimed to be in conflict on the same point of law with a prior decision of this Court and another court of appeal.
The point to be resolved is the propriety of declaratory decree proceedings under Chapter 87, Florida Statutes, F.S.A., to test the correctness of an order of a municipal administrative agency.
For many years petitioner Lee was employed as a member of the Tampa Police Department. Similarly, petitioner Teston was employed as a member of the Tampa Fire Department. Both petitioners applied to the respondent Board of Trustees of the Police and Firemans Pension Fund of the City of Tampa for retirement benefits available to them pursuant to certain local laws. The statutes applicable are Chapter 21590, Special Laws of Florida, 1941, as amended by Chapter 29567, Special Laws of Florida, 1953, and Chapter 31310, Special Laws of Florida, 1955. Initially, the respondent Board of Trustees granted the applications for retirement allowing the schedule of benefits prescribed for service-connected disabilities. Subsequently, the Board receded from this order and allowed retirement compensation for non-service connected disabilities. There is a substantial difference in the amount of compensation under the two classifications. The Board changed its position on the advice of the City Attorney. He advised that a Medical Board, created by statute, had decided that the disabilities of the petitioners were non-service connected and that the Board of Trustees were conclusively bound by this finding.
Thereafter petitioners filed a proceeding in the circuit court seeking a declaratory decree. They questioned in particular the conclusion of the Board of Trustees that it was bound by the findings of the Medical Board and that it had no power to hear other evidence or exercise its independent judgment. The chancellor was of the view that the provisions of Chapter 87, the Declaratory Judgment Act, were not available *475 to attack the action of the Board of Trustees. Because of this view he sustained a motion to dismiss the complaint. On appeal the order of the chancellor was affirmed by the District Court of Appeal, Second District. It is this decision which is now submitted for review.
It is the contention of the petitioners that the decision of the district court collides with the decisions of this court in Jones v. Kind, Fla., 61 So.2d 188 and City of Coral Gables v. Brasher, Fla., 120 So.2d 5, and also the decisions of the District Court of Appeal, Third District in City of Miami Beach v. Miller, Fla.App., 122 So.2d 578 and City of Miami v. Elmore, Fla.App., 131 So.2d 517.
The respondents contend that declaratory relief was not available to attack the order of the respondent Board and rely upon our decision in de Marigny v. de Marigny, Fla. 1949, 43 So.2d 442, and the decision of the District Court of Appeal, Third District, in Frix v. Beck, Fla.App. 1958, 104 So.2d 81.
The District Court of Appeal in the instant case relied upon the rule that the Declaratory Judgment Act is not available for relief against an administrative order when other means of review are provided by statute. Frix v. Beck, supra. It then pointed to Section 15, Chapter 21590, supra, which reads in part as follows:
"On compulsory retirement of a member * * * any such retired member shall have the right to appeal against such retirement by the Board of Trustees by appealing to a Court of Proper Jurisdiction * * *" [Emphasis added.]
It is also pointed to Section 59.01(2), Florida Statutes, F.S.A., which provides:
"This chapter shall also be applicable: (a) as a uniform alternative method of taking appeals from orders of state boards, commissions, and other bodies, where appeals from such orders are permitted by law; * * *" [Emphasis added.]
With this background, we must examine the decisions asserted by petitioners to be in conflict on the same point of law with the instant decision of the Court of Appeal, Second District. In each of the four cases a declaratory judgment proceeding was employed to question the validity of administrative action. City of Coral Gables v. Brasher, supra, presented a factual situation quite similar to the one now before us. However, in none of the four cases was the question of the propriety of the declaratory judgment procedure presented for consideration or passed upon by the Court. Inasmuch as the particular point of law now before us was neither discussed nor determined in the four decisions cited, we would not be justified in finding the presence of a judicial conflict between those decisions and the one now under review. Since the decisions are clearly distinguishable on this ground, and were not determinative of the same point of law, no conflict can exist. Kyle v. Kyle, Fla., 139 So.2d 885.
However, we have the view that the decision of the district court in the instant case collides directly on the same point of law with the decision of the District Court of Appeal, First District, in Bloomfield v. Mayo, Fla.App., 119 So.2d 417. The identical problem was presented to that court and it was held that a declaratory judgment proceeding was available to obtain a determination of the rights of an adversely affected party under an applicable statute following the entry of a quasi-executive or purely administrative order of the Commissioner of Agriculture.
The initial problem involved in deciding the appropriate method of obtaining relief against administrative action is to look first to the statute under which the administrative agency operates. If a valid method of review is there prescribed it should be followed. State ex rel. Coleman v. Simmons, Fla., 92 So.2d 257; Codomo v. Shaw, Fla., 99 So.2d 849. See also, Cooper, Administrative Agencies and the Courts, Ch. 18, and Davis, Administrative Law *476 Treatise, Section 23.04. In the absence of specific valid statutory appellate procedures to review the particular order, it becomes necessary to ascertain whether the order is quasi-judicial or quasi-legislative. If the order is quasi-judicial, that is, if it has been entered pursuant to a statutory notice and hearing involving quasi-judicial determinations, then it is subject to review by certiorari. DeGroot v. Sheffield, Fla., 95 So.2d 912; Bloomfield v. Mayo, supra. Otherwise, remedy by equity suit and injunction is appropriate. The order in the instant case was not quasi-judicial for the simple reason that it was a purely administrative determination without hearing or adversary evidence. The statute under which the respondent Board of Trustees operates makes no requirement whatever for a notice and hearing preliminary to decision. Bloomfield v. Mayo, supra.
The Court of Appeal refers to the provision in the applicable statute to the effect that "on compulsory retirement of a member" such members shall have the right to appeal against such retirement to a court of proper jurisdiction. Assuming that this provision would preclude declaratory relief in a "compulsory retirement" situation, we are not here confronted with the problem. Petitioners requested retirement and were not being compelled to leave the public service by order of the respondent Trustees. Section 59.01(2), Florida Statutes, F.S.A., mentioned in the opinion under review provides an alternative method for appeal from an order of "State boards, commissions and other bodies * * *" This provision has reference to state agencies, whereas the agency here involved was a municipal agency. Cf. State ex rel. Winton v. Town of Davie, Fla., 127 So.2d 671.
We are not here confronted by a collateral attack on a judicial decree as was the situation in de Marigny v. de Marigny, nor a similar attack on the quasi-judicial order of an administrative board which is otherwise subject to review as was the case in Frix v. Beck, supra.
Being without other available remedy, the petitioners here sought through the equity court a determination of their rights under the Tampa Pension Act. The respondent Trustees concluded that they were bound by the decision of the Medical Board. The petitioners asked for judicial clarification regarding the power of the Trustees in relation to the recommendations of the Medical Board, under the applicable statute. Their complaint made a case to obtain this relief at least. So far as this record reveals, there was no established appellate procedure which they could have followed in order to obtain such a determination. Consistent with the decision of the Court of Appeal, First District, in Bloomfield v. Mayo, supra, we find that the petitioners properly sought a determination of their rights in the declaratory judgment proceeding.
Finding as we do that the decision under review collides directly on the same point of law with the decision in Bloomfield v. Mayo, supra, and finding further that the rule announced in the last cited decision is correct, we conclude that the decision of the court of appeal in the instant case must be quashed and the cause remanded to the chancellor for further proceedings consistent herewith.
It is so ordered.
ROBERTS, C.J., and TERRELL, O'CONNELL and CALDWELL, JJ., concur.
DREW, J., concurs specially with opinion.
THOMAS, J., dissents.
DREW, Justice (concurring specially).
I concur with the conclusion and reasoning of the majority opinion with the exception of the assumption, page 475, as to the effect of Section 15, Chapter 21590, in a *477 compulsory retirement situation. In that provision the word "appeal", as the right to "appeal against" such retirement by "appealing" to a court, is used, I think, as a verb connoting or encompassing any procedure to obtain relief, rather than in the restrictive sense of instigating appellate as opposed to de novo proceedings.