ALLEN, Judge.
This appeal is from an order entered in the Circuit Court of Hillsborough County, Florida, granting the defendant’s motion to dismiss a complaint for declaratory judgment, which was filed in Hillsborough County on April 3, 1967. The suit sought a determination of the legality of actions taken by the Tampa Port Authority in selling certain property and granting permission to fill in the bay in front of this property.
A large number of property owners were plaintiffs in the suit and the Tampa Port Authority was the defendant, appellee here.
Bob Jacobson & Company made application for the purchase of certain submerged sovereignty lands owned by the defendant Tampa Port Authority lying west of a Tampa residential area known generally as Beach Park. The said Bob Jacobson & Company had been granted permission by the Tampa Port Authority to fill such submerged lands, claiming that said lands were adjacent to upland which the company owned.
Several Hillsborough County Circuit Judges disqualified themselves, by reason of interests or otherwise, from sitting on the case and the Honorable C. Richard Leaven-good, Circuit Judge of the Sixth Judicial Circuit, was assigned to hear the case. Upon hearing the matter he entered the order objected to, which is now on appeal.
The order entered by Judge Leavengood is as follows:
“1. The Court wishes to first state that the personal feelings of this Court are with the Plaintiff. This judge lives on a waterfront lot and therefore, from a personal point of view, has personal feelings against any more fills, in any property in this area, but, this Court must express the law as the Court finds it, and therefore, would have to hold against the plaintiffs.
“2. As set out in the Defendant’s brief, Rule 4.1, Florida Appellate Rules [31 F.S.A.] provide, * * * ‘All appellate review of the rulings of any commission or board shall be by certiorari as pro-' vided by the Florida Appellate Rules.’ Rule 4.5c (1) provides that the application for Writ of Certiorari shall be by a Petition of Certiorari, filed within sixty days from the rendition of the decision, order, or judgment, sought to be reviewed. The instant suit for declaratory judgment was filed in Hillsborough County on April 3, 1967. This suit seeks *757 judicial determination by this Court of a decision of the Tampa Port Authority, given November 18, 1966. By the Plaintiff’s complaint, they allege that notice was given by the Tampa Port Authority and that many of the Plaintiffs were present and voiced their objections.
“As set out in Section 4 (9.8) p. 524, and Section a (22.11) p. 1264 of ‘Florida Civil Practice After Trial’, published by the Florida Bar, it gives a fine statement of the problem involved here. The Tampa Port Authority is authorized by Section 7 (b) Chapter 23338, Laws of Florida 1945.
“This Court holds that a declaratory judgment proceeding is not the proper method of review of actions of the Tampa Port Authority, and the proper and only method is by certiorari. Hayes v. Bowman, [Fla.] 95 So.2d 795 [correct citation: 91 So.2d 795], which this Court finds controls the impairment of riparian rights.”
This court once before had this matter before it in Tampa Port Authority v. Deen, Fla.App.1965, 179 So.2d 416, in a proceeding to restrain the port authority from conducting a public hearing and from issuing a fill permit on certain submerged lands. The opinion stated:
"The Tampa Port Authority, a public body, appeals an interlocutory order issued without notice upon the complaint of O. F. Deen, Jr., et ah, restraining it from conducting a public hearing and from issuing a fill permit on certain submerged lands in Hillsborough County.
“Tampa Port Authority was organized and exists as. a public body pursuant to the provisions of Chapter 23338, Laws of Florida, 1945. It has title to and right of entry upon, the right to regulate the improvement of, and the right to sell any and all submerged land belonging to the State of Florida within its boundaries as directed in the Act, subject to the riparian rights of upland owners adjacent to said submerged lands.
“In accordance with the provisions of the said Act, the Authority held a hearing on an application to fill certain lands on July 12, 1965. Owners of lands alleged to be upland owners of riparian rights to the subject lands protested, and the Authority declined to issue a permit by vote of three to two. The Chairman, who was voting in the majority, is alleged to have stated that he would vote to grant the permit' if certain changes were made in the application, including the widening of the channel between the proposed fill and the land of the protesting landowners.
“The application for the fill permit and notice of hearing thereon to be held on September 3, 1965 was published. The protesting alleged owners of upland rights and other landowners in the subdivision across the channel from the proposed fill, filed on August 23, 1965 a complaint for declaratory decree and a stay of proceedings. Before answer was filed, the matter came on for hearing on request of the plaintiffs to stay the public hearing by the Port Authority, and the granting of the requested fill permit.
“The Court at an emergency hearing on August 31, 1965 entered the order here on appeal staying the Port Authority from holding a public hearing on September 3, 1965, and from granting a fill permit to the applicants pending further order of the court without bond. The complaint was sworn to by one of the plaintiffs, who is also the attorney for the plaintiffs, as true and correct to the best of his knowledge and belief.”
We reversed the injunction order.
The complaint in the instant case was filed in the Circuit Court of Hillsborough County, according to the order above quoted, on April 3, 1967, and seeks a judicial determination by this court of a decision *758 of the Tampa Port Authority, given November 18, 1966. Judge Leavengood mentions that by the plaintiff’s complaint notice was given of the hearing by the Tampa Port Authority and that many of the plaintiffs were present and voiced their objections.
The order, in effect, held that all appellate review of the rulings of the Port Authority is required to be by certiorari as provided by the Florida Appellate Rules. We agree that the plaintiff-appellants should have filed a petition for certiorari and not an independent bill of complaint to test the legality of the actions of the Tampa Port Authority. Accordingly, we shall affirm the order dismissing the complaint.
Florida Civil Practice After Trial (1966) contains an excellent chapter on Administrative Law, Ch. 22, p. 1243, written by J. Lewis Hall and Robert D. Canada on Administrative Law.
Under the title “General Rules Derived from Case Law,” p. 1264, 1266, we find the following:
“Restated, if the administrative action is:
“(1) final in effect;
“(2) has been taken after notice and hearing, judicial in nature;
“(3) was taken in the exercise of quasi-judicial powers;
“(4) no other administrative relief is available; and
“(5) no statutory method of review is provided, the review is by certiora-ri as provided by Fla.App.R. 4.1 and 4.5c. Teston v. City of Tampa, 143 So.2d 473 (Fla.1962) and Bloomfield v. Mayo, 119 So.2d 417 (1st D.C.A.Fla.1960).
“It will be noted from the paragraphs above that the distinction between administrative actions that are reviewable by certiorari and those that are reviewable by original judicial proceedings generally is found in the provisions of the statute under which the agency acted. Generally, if the statute requires notice and hearing, judicial in nature, review is by certiorari, but if the statute does not require notice and hearing, review is by original judicial proceedings, unless the statute provides some specific method of review.”
In Teston v. City of Tampa, Fla.1962, 143 So.2d 473, it is stated:
“The initial problem involved in deciding the appropriate method of obtaining relief against administrative action is to look first to the statute under which the administrative agency operates. If a valid method 'of review is there prescribed it should be followed. State ex rel. Coleman v. Simmons, Fla., 92 So.2d 257; Codomo v. Shaw, Fla., 99 So.2d 849. See also, Cooper, Administrative Agencies and the Courts, Ch. 18, and Davis, Administrative Law Treatise, Section 23.04. In the absence of specific valid statutory appellate procedures to review the particular order, it becomes necessary to ascertain whether the order is quasi-judicial or quasi-legislative. If the order is quasi-judicial, that is, if it has been entered pursuant to a statutory notice and hearing involving quasi-judicial determinations, then it is subject to review by certiorari. DeGroot v. Sheffield, Fla., 95 So.2d 912; Bloomfield v. Mayo, supra. Otherwise, remedy by equity suit and injunction is appropriate. The order in the instant case was not quasi-judicial for the simple reason that it was a purely administrative determination without hearing or adversary evidence. The statute under which the respondent Board of Trustees operates makes no requirement whatever for a notice and hearing preliminary to decision. Bloomfield v. Mayo, supra.”
*759 The appellants, in their brief, refer to the case of State v. Furen, Fla., 118 So.2d 6, and quote from that case. We do not find that any of the Furen cases aid the appellant here.
Alliance for Conservation of Nat. Resources, etc. v. Furen, Fla.App.1958, 104 So.2d 803, was a proceeding on an application for a permit to fill lands in the bay. The Circuit Court of Pinellas County affirmed the action of the Water and Navigation Control Authority and the petitioners appealed. This court held that the District Court of Appeal had no jurisdiction of an appeal in the premises but that the appeal would be considered as a petition for certiorari. We denied the motion to dismiss the appeal and treated the notice of appeal and the record thereon as a petition for certiorari.
In Alliance for Conservation of Natural Resources, etc. v. Furen, Fla.App.1959, 110 So.2d 55, 63, we reviewed an order of the Circuit Court of Pinellas County, which affirmed the decision by the County Water and Navigation Control Authority granting a permit to fill in a portion of Boca Ciega Bay. The statutory authority provided that final review of the action should be in the circuit court. We noted in our opinion:
“Testimony alone involved some 600 pages, including hundreds of letters, telegrams and exhibits and, though unnecessary for us to review in detail the evidence on certiorari, we have gone through the entire file in this case and reached the conclusion that there was sufficient competent evidence upon which the examiner could base his findings and recommendations; that the full Authority duly considered and passed on the examiner’s recommendation that a permit be issued under the Act; and that the Circuit Judge, sitting in his appellate capacity, did not commit error in his review and affirmance of the Authority’s actions.
“We therefore deny the petition for cer-tiorari.”
In State v. Furen, Fla.1960, 118 So.2d 6, 12, the Supreme Court discussed our action in treating the appeal as a petition for certiorari holding, in effect, that the Circuit Court of Pinellas County, in reviewing the actions on appeal to it from the Pinellas County Water and Navigation Control Authority acted as a trial court and not as an appellate court and returned the case to us saying:
“It is accordingly our judgment that this court has jurisdiction of the cause and that in adjudicating the order of the County Authority granting the permit to fill lands in Boca Ciega Bay the Circuit Court sat as a trial court. Since we reach this conclusion, we think it appropriate to certify or return the cause to the District Court of Appeal to reevaluate the issues presented. as if they had been presented by appeal instead of by certiorari and enter such judgment as to them may seem meet and proper in the light of what has been said in this opinion.”
In the last of the Furen cases, Alliance for Conservation of Nat. Resources, etc. v. Furen, Fla.App.1960, 122 So.2d 51, we again, as directed by the Supreme Court, reviewed the case on appeal instead of cer-tiorari and held the evidence sustained granting by the county water and navigation control authority of a permit to fill submerged bottom lands. In the opinion we stated (p. 66) :
“Just as we reviewed the evidence in the certiorari hearing (104 So.2d 803), we have again done so and conclude as did the circuit judge in his review that there was substantial evidence to sustain the County Authority in granting the permit to the appellees. * * * ”
We have studied the complaint filed by the appellants in the instant case in which *760 they pray for a declaratory decree as follows :
“1. That the Tampa Port Authority in granting the application to purchase submerged lands by Bob Jacobson & Co., hereinabove referred to, acted contrary to law and to the evidence and the action of the Tampa Port Authority should be set aside and vacated and all permits and grants made to applicant Bob Jacobson and Co. should be cancelled.
“2. That the property consisting of approximately five acres claimed by Bob Jacobson & Co. is not uplands within the meaning of Chapter 23338 of the Laws of Florida, 1945, and that the Tampa Port Authority has no authority to sell said submerged lands without the required vote of a majority of the qualified voters as provided in Section 6 of said Act.
“3. That Bob Jacobson & Co. does not have sufficient title to said property described in the application to the Port Authority to support the sale of 23 acres of sovereignty lands for development.
“4. That the granting of the application of Bob Jacobson & Co. to purchase the sovereignty lands by the Tampa Port Authority would constitute a sacrifice of the property rights and values of the plaintiffs for those of private developers, would infringe and impair the riparian rights and other rights of the plaintiffs and would constitute a breach of the trust in which the Tampa Port Authority holds title to submerged sovereignty lands in trust for all the people.
“5. And for such other and further relief as to this Court seems meet and proper.”
Bob Jacobson & Company was not made a party to this suit and yet it is vitally interested in refuting the contentions of the plaintiffs in this case. The prayers of the plaintiffs, as well as the other matters contained in the complaint show that by their action below they were seeking a declaratory decree in effect determining whether or not the Tampa Port Authority properly exercised its powers in granting the permit to Bob Jacobson & Company instead of taking the proper method of review of the action of the administrative body by cer-tiorari.
In Grable v. Hillsborough County Port Authority, Fla.App.1961, 132 So.2d 423, an action was brought for a declaratory judgment regarding the rights and status as to the sale of 29 acres of filled-in land by the port authority to a company which had filled in the land at its own expense and which, at the time of the action, had already leased it to a third party. The lower court entered a decree adverse to the plaintiff Grable and he appealed to this court. We held that the action in which the plaintiff did not seek to set aside the sale but only sought to have his questions answered did not present a bona fide justiciable controversy.
In Grable the chancellor held that the plaintiff was merely in search of judicial review of the port authority’s action and that no right, status, or immunity of the plaintiff was involved in the proceeding. The chancellor also found that the declaratory judgment act could not be used for review of the actions of the port authority or for the purpose of pointing out procedure to determine whether or not a person has a cause of action. The chancellor further decreed that no useful purpose would be served by the court’s making answer to the questions propounded by plaintiff which are now moot.
In the Grable case, supra, this court, in an opinion by the late Judge Kanner, said:
“It has been established that the declaratory judgment act may not be invoked unless there is a bona fide dispute between the adversaries to a cause as to a present justiciable question, and judicial declarations as to questions which *761 are moot are precluded. Jurisdiction may be set in motion by the moving party if he has shown himself to be in doubt as to existence or nonexistence of some right, status, immunity, power, or privilege and has demonstrated that he is entitled to have that doubt obviated. * * * [Citations omitted.] In May v. Holley, Fla.1952, 59 So.2d 636, 639, the elements essential to maintain the status of a proceeding as being judicial in nature so as to bring it within the constitutional powers of the courts appear in the following excerpt:
“ ‘Before any proceeding for declaratory relief should be entertained it should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.’ ”
We do not see how the lower court in the instant case could properly determine the various rights and questions involved in the complaint below when the party who had purchased this property, Bob Jacobson & Company, was not even made a party to the suit.
We conclude that the lower court should be affirmed.
Affirmed.
LILES, C. J., and HOBSON, J., concur.