ON PETITION FOR WRIT OF CER-TIORARI GRANTED
RAWLS, Judge.
The Board of County Commissioners of Palm Beach County, by petition for certio-rari, seeks review of an order of the State Board of Administration finding that the Board of County Commissioners of Palm Beach County was without jurisdiction or authority to reduce the sheriff’s budget.
Petitioners pose two points on appeal, viz.:
1.Whether the provisions of F.S. § 30.-49(4), (5) and (6), F.S.A. authorizing an appeal to the State Board of Administration, are unconstitutional and invalid.
2. Whether the State Board of Administration departed from the essential requirements of law and acted without and in excess of its jurisdiction in entering the order denying the County’s motions and ruling that the County lost jurisdiction to modify the sheriff’s budget.
Under the first point the County challenges the constitutionality of the provisions of the subject statute relating to appellate administrative review of the decision of the Board of County Commissioners regarding the proposed sheriff’s budget. The Board’s argument is directed to an alleged lack of standards in the statute by which the parties’ adverse positions may be judged, and relies on Lewis v. Florida State Board of Health,[1] and Barrow v. Holland.[2]
At the outset, we observed that this is not a contest between a private citizen and the sovereign but is a contest between the sovereign and its child. The respective counties of this State do not possess any indicia of sovereignty; they are creatures of the legislature, created under Art. VIII, Sec. 1, of the State Constitution, F.S.A., and accordingly are subject to the legislative prerogatives in the conduct of their affairs.
The contested statute, F.S. § 30.49, F.S. A., provides machinery for budgeting the fiscal affairs of the sheriff of each county. Florida originally established a statutory fee system for compensating a sheriff and financing the sheriff’s office. In 1957 the legislature abolished the fee system and placed the sheriff on a salary when it enacted the County Officials Compensation Act.[3] In 1959 the 1957 statute was drastically amended and the precursor to the *297 present § 30.49 was adopted.[4] The statute set up the procedure for adoption of a sheriff’s budget and provided the present appeals system. Although the specific provisions of the 1957 and 1959 statutes relating to sheriff’s salaries were later declared unconstitutional because they were not uniform throughout the state,[5] this defect was remedied by the 1961 legislature which enacted a separate statute establishing the compensation of county officials[6] including the sheriff’s salary. F.S. § 30.49, F.S. A., still contained the procedure for setting the budget and the appeal provisions. In its infinite wisdom the legislature of the State of Florida concluded that the fee system did not contribute to the objectives of law enforcement but, to the contrary, encouraged volume arrests. Under the present system all fees collected by the sheriff are deposited in the county treasury and the sheriff’s budget is established independent of the fees collected, pursuant to the provisions of § 30.49.
Florida Statutes § 30.49, F.S.A. explicitly provides that a sheriff, who is a constitutional officer, submit his proposed budget to a board of county commissioners, who are likewise constitutional officers, before a set yearly date. If the board sees fit to reduce the proposed expenditures by the sheriff for performing his constitutional responsibilities in enforcing the law, then the sheriff is granted an administrative appellate review by the State Board of Administration, which is composed of constitutional officers. Judicial review of the action of the State Board of Administration is afforded by the provisions of F.S. Ch. 120, F.S.A., which review petitioners are now exercising in the instant cause.
We hold that this legislative scheme clearly falls within the prerogative of the legislature and meets the constitutional requisites of this State.
In reviewing petitioners’ second point, we feel it pertinent to list the following chronological timetable of events:
1. July 1, 1970, date set by F.S. § 30.-49(9), F.S.A. for submission of sheriff’s budget to County Commissioners.
2. July 21, 1970, sheriff submits budget which was accepted by Board of County Commissioners. Sheriff agreed to extend hearing until August 4, 1970, for Commissioners to consider budget, though F.S. § 30.49(4), F.S.A. set August 1, 1970, as last day Board could reduce budget.
3. August 11, 1970, hearing held after continuance by Board.
4. August 21, 1970, sheriff notified Board that, since he had not heard from them, he deemed budget accepted.
5. August 28, 1970, Board notified Sheriff they had reduced budget.
Subsequent to the foregoing events, the sheriff petitioned the State Board of Administration appealing the reduction of the proposed budget contending that same became final on August 1, 1970, and the Board of County Commissioners was without jurisdiction to reduce it after that date. The Board of Administration entered its order finding that the Board of County Commissioners was without jurisdiction to reduce the sheriff’s budget after August 21, 1970. The Board of Administration interpreted F.S. § 30.49, F.S.A. as allowing the Board of County Commissioners 31 days from the date the budget was submitted to reduce same.
The action of the Board of Administration is without legal authority. The provisions of the subject statute are not jurisdictional but are directory. The State Board of Administration is directed to forthwith entertain the petition of the Board of County Commissioners.
*298 With regard to the Sheriff’s motion to dismiss the appeal for mootness because expenditures are being made by him each day pursuant to the proposed budget submitted to the Board of County Commissioners, the motion is denied.
In view of the limited time involved, the time for filing petition for rehearing herein is limited to 5 days from the date of the filing of this opinion.
Affirmed in part and reversed in part.
CARROLL, DONALD K., Acting C. J., and VANN, H., Associate Judge, concur.

. Lewis v. Florida State Board of Health, 143 So.2d 867 (Fla.App. 1st 1962).

. Barrow v. Holland, 125 So.2d 749 (Fla. 1960).

.Laws of Florida 57-368 § 2 (1957 Statute §§ 30.49-30.54).

. Laws of Florida 59-216.

. Shelton v. Reeder, 121 So.2d 145 (Fla. 1960).

. Laws of Florida 61-461 § 1 (1961 Statute §§ 145.011-145.11; § 145.071 dealing specifically with sheriffs).