321 So.2d 605 (1975)
BROWARD COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
The ADMINISTRATION COMMISSION of the State of Florida and Edward J. Stack, Sheriff of Broward County, Respondents.
No. X-287.
District Court of Appeal of Florida, First District.
May 6, 1975.
*606 William J. Roberts and Wilson W. Wright, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., James D. Whisenand, Asst. Atty. Gen., Harry R. Steinhardt, Fort Lauderdale, Clinton H. Coulter and Jack M. Skelding, Jr., Tallahassee, for respondents.
McCORD, Judge.
Petitioner seeks certiorari from final action of the Administration Commission in relation to the budget of respondent Sheriff of Broward County. The administrative proceedings leading up to the petition for certiorari were pursuant to § 30.49, Florida Statutes, as amended by Chapter 74-103, Laws of Florida, 1974, which became effective on July 1, 1974. That section relates to the fixing of the budget of the sheriff in each of the respective counties and provides for review of the approval of a sheriff's budget by the Board of County Commissioners or the Budget Commission as the case may be. It provides that within 30 days after receiving written *607 notice of the action of the Board or Commission, the sheriff may file an appeal to the Administration Commission and it further provides as follows:
"... Such appeal shall be by petition to the Administration Commission, which petition shall set forth the budget proposed by the sheriff in the form and manner prescribed by the Department of Administration and approved by the Administration Commission and the budget as approved by the board of county commissioners or the budget commission, as the case may be, and shall contain the reasons or grounds for the appeal ...
"(5) Upon receipt of the petition, the secretary of administration shall provide for a budget hearing at which the matters presented in the petition and the reply shall be considered. A report of the findings and recommendations of the department thereon shall be promptly submitted to the Administration Commission, which, within 30 days, shall either approve the action of the board or commission as to each separate item, or approve the budget as proposed by the sheriff as to each separate item, or amend or modify said budget as to each separate item within the limits of the proposed expenditures and the expenditures as approved by the board of county commissioners or the budget commission, as the case may be. The budget as approved, amended, or modified by the Administration Commission shall be final."
Respondent sheriff submitted a proposed budget to the petitioner county commission requesting $8,776,147. After hearings, petitioner approved a budget for respondent sheriff in the amount of $7,574,156. Respondent sheriff then appealed the action to the "Department of Administration." A hearing was held by the Department and it concluded that respondent sheriff's budget should be as fixed by the petitioner county commission. The appeal then went to the Administration Commission which is composed of the Governor and the Cabinet and after hearing, it increased respondent sheriff's budget by $1,056,038.
Under the old Administrative Procedure Act, Chapter 120, Florida Statutes, which was superseded by the new Administrative Procedure Act, Chapter 74-310, Laws of Florida, 1974, (which became effective January 1, 1975) this court construed the statute to mean that it only had authority to review quasi-judicial administrative orders on certiorari. Bay National Bank and Trust Company v. Dickinson, Fla.App. (1st), 229 So.2d 302. § 120.31, Florida Statutes, 1973, provided:
"(1) As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceedings, or in the exercise of any judicial or quasi-judicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules."
That section, however, was repealed by the new Administrative Procedure Act, which became effective January 1, 1975, as aforesaid. This new law does not contain the limitation that this court review only orders entered in the exercise of any judicial or quasi-judicial authority. § 120.68 of the new law provides in part as follows:
"(1) A party who is adversely affected by final agency action is entitled to judicial review... .
(2) Except in matters for which judicial review by the supreme court is provided by law, all proceedings for review shall be instituted by filing a petition in the district court of appeal in the appellate district where the agency maintains its headquarters or where a party resides. Review proceedings shall be conducted in accordance with the Florida appellate rules."
*608 The action of the Administration Commission in the case sub judice is executive, quasi-executive, or perhaps to some degree quasi-legislative in nature rather than quasi-judicial. The fixing of budgets by its basic nature is not a quasi-judicial function. (The hearing before the Administration Commission merely gave interested persons an opportunity to present facts and argument to assist the Administration Commission in its budget determination and was not a hearing of an adversary nature.) Thus, in spite of our previously having entertained a petition for certiorari in a case of this nature (see Weaver v. Heidtman, Fla.App. (1st), 245 So.2d 295), it does not appear that certiorari was the proper method of review under the old Administrative Procedure Act. It now appears, however, that under the new act a petition for review to the District Court of Appeal is the method of such review.
The old Administrative Procedure Act, which was enacted in 1961, established statutory certiorari review of judicial or quasi-judicial final agency action. Prior to statutory certiorari, the court reviewed judicial or quasi-judicial final action of inferior tribunals by common law certiorari. Justice Campbell Thornal discussed the problem of appropriate review of orders of administrative agencies in De Groot v. Sheffield, Fla., 95 So.2d 912 (1957), an opinion rendered prior to enactment of the Administrative Procedure Act. Speaking for the Supreme Court he said:
"We are here squarely confronted with the problem of determining the appropriate procedure for obtaining review of an order of an administrative agency. Although administrative agencies have been known to the law for many years, it has only been within fairly recent years that a substantial body of jurisprudence has developed with reference to so-called `administrative law.' Because of the expansion of the number of boards, commissions, bureaus and officials having authority to make orders or determinations which directly affect both public and private rights, there has been an increasing number of cases involving the extent of the authority of these agencies as well as the validity or correctness of their conclusions in particular instances. We are told that in our state government there are over one hundred boards, bureaus and officials engaged in administrative activities affecting the rights and property of individuals as well as the public. See French's Research in Florida Law, p. 54; 1 Florida Law and Practice, Administrative Law, Sec. 30. In addition there are innumerable county and city boards and agencies such as Civil Service Boards and other boards that perform similar functions.
Although over the years many cases in one form or another have come to this court involving the correctness of orders of administrative agencies, we are unaware of any that has squarely and directly raised the problems presented by the instant appeal. Despite the local nature of the particular problem at hand, it appears to us that it is appropriate to undertake to reconcile many of our previous apparently divergent opinions in an effort to establish for the future some orderly procedure in disposing of problems of this nature. We do this also in fairness to the trial judge who undoubtedly was confronted with some of these conflicting viewpoints but who did not have available the opportunity for detailed research that accompanies appellate review. Nonetheless, as pointed out by Kenneth Culp Davis in 44 Illinois Law Review p. 565, `No branch of administrative law is more seriously in need of reform than the law concerning methods of judicial review.' This author then observes, `No other branch is so easy to reform.' The reviewability of an administrative order depends on whether the function of the agency involved is judicial or quasi-judicial in which event its orders are reviewable or on the contrary *609 whether the function of the agency is executive in which event its decisions are not reviewable by the courts except on the sole ground of lack of jurisdiction. In the latter event the order is, of course, subject to direct or collateral attack.
It is in some measure insisted in the case before us that the decision of the Civil Service Board is beyond the scope of judicial review. The contention to this end is that the ultimate decision of the Board is executive in nature and beyond the reach of the courts."
The Court then determined the order to be quasi-judicial and not purely executive since removal of the public employee was accomplished after notice and hearing based upon the evidence presented at such hearing. (The hearing was adversary in nature.) The Supreme Court went on to say:
"Having determined the nature of the order under consideration we next proceed to ascertain the appropriate method of obtaining review as well as the scope of review available. It must be conceded that over the years orders of administrative agencies have been placed under scrutiny in Florida in both mandamus and certiorari cases. Admittedly, little attention has been given to the propriety of the procedure in particular cases.
Hence the resultant confusion. We interpolate that we pretermit in this instance any discussion of the proper use of the equity injunction and the writ of prohibition. Injunction has been many times employed to assault legislative action at the state and local level where such action allegedly impinged on some constitutional right. Attacks on municipal zoning ordinances are typical. Prohibition has at times been employed as against quasi-judicial action of administrative agencies where the agency proposed to exceed its jurisdiction or exercise jurisdiction which it did not have. We further mention that we are discussing herewith appellate review in situations where applicable statutes fail to provide specific methods of review as was the case here. When the statute provides the appellate procedure, that course should be followed. Curry v. Shields, Fla. 1952, 61 So.2d 326, 327; State ex rel. Coleman v. Simmons, Fla. 1957, 92 So.2d 257." (Emphasis supplied)
Inasmuch as the new Administrative Procedure Act provides that all proceedings for review of administrative agency action (except those going to the Supreme Court) shall be instituted by filing a petition in the District Court of Appeal, it appears that such is the method now to be followed regardless of the nature of the administrative action.
Since the effective date of Chapter 74-103, Laws of Florida, 1974, which amended § 30.49, Florida Statutes, the review of sheriffs' budgets as fixed by a board of county commissioners or budget commission is to the Administration Commission. In the case sub judice, the hearing by the Department of Administration and its action must be considered as only advisory to the Administration Commission and it was not bound in any way by the action of the Department of Administration. § 30.49(5), Florida Statutes, 1974, provides:
"Upon receipt of the petition, the secretary of administration shall provide for a budget hearing at which the matters presented in the petition and the reply shall be considered. A report of the findings and recommendations of the department thereon shall be promptly submitted to the Administration Commission, which, within 30 days, shall either approve the action of the board or commission as to each separate item, or approve the budget as proposed by the sheriff as to each separate item, or amend or modify said budget as to each *610 separate item within the limits of the proposed expenditures and the expenditures as approved by the board of county commissioners or the budget commission, as the case may be. The budget as approved, amended, or modified by the Administration Commission shall be final." (emphasis supplied)
We can only interpret the last sentence of the above statute to mean that the Legislature intended the action of the Administration Commission to be final. Regardless of the method of review, the court exercises a more limited review of quasi-executive or quasi-legislative action than of quasi-judicial action. In Bay National Bank and Trust Company v. Dickinson, supra, this court, in reference to the old Administrative Procedure Act, said:
"... The Act has no application to an agency order rendered in the performance of a quasi-executive or quasi-legislative function in which legal rights, duties, privileges, or immunities are not the subject of adjudication. Such orders as this are rendered pursuant to statutory authority based upon required inquiry and investigation, and involve the exercise of a discretion by the administrative officer or agency rendering it. If quasi-executive or quasi-legislative acts are performed in violation of the mandatory requirements of law, or are infected by fraudulent, capricious, or arbitrary action of the agency, they are subject to assault by appropriate proceedings in court of competent jurisdiction...."
Upon consideration of the record in this cause and the briefs and arguments of counsel, we find no departure by the Administration Commission from the essential requirements of law. We further find no merit to petitioner's contentions that § 30.49, Florida Statutes, is unconstitutional. See Weaver v. Heidtman, Fla. App. (1st), 245 So.2d 295.
Petition for review dismissed.
RAWLS, C.J., concurs.
BOYER, J., concurring specially.
BOYER, Judge (concurring specially).
I concur that the contention that F.S. 30.49 is unconstitutional is without merit and I further concur in dismissal of the petition for review.