PER CURIAM.
The appellant, a former Tampa police officer, sought a line-of-duty disability pension pursuant to the pension contract between the appellant and the City of Tampa executed in 1967 and thereafter modified in 1969 by a second agreement titled “City of Tampa Firefighters and Police Officers Pension Contract” (the contract).
The appellee Firefighters and Police Officers Pension Board of the City of Tampa (the Board) denied the appellant’s application and the appellant requested a full hearing. After notice to the appellant, a full hearing was conducted by the Board. At that hearing, the Board reviewed the appellant’s medical records on file, listened to the testimony and evidence presented by the appellant’s attorney, and listened to opening statement and closing argument as to why the appellant should be granted a line-of-duty disability pension. At the conclusion of the full hearing, the Board voted to let stand its previous action denying the appellant’s application for a line-of-duty disability pension.
The appellant then brought this action in circuit court seeking de novo review of the denial of his claim by asserting various causes of action, including breach of contract, declaratory relief, and specific performance.
The trial court dismissed all of the appellant’s causes of action with prejudice on the ground that the appellant’s only avenue for review of the Board’s denial of his claim was by filing a petition for writ of certiorari in the circuit court from the decision of the Board. We affirm.
The appellant vigorously argues that the trial court erred and bases his argument primarily on the following language contained in section 12 of the contract:
[The pension contract] shall ... be and remain a contract binding upon [the City of Tampa] and the employee, and enforceable in any court in the State of Florida having jurisdiction of actions upon contracts in like amounts, and by such relief, ordinary or extraordinary, at law, or in equity as may be suitable or appropriate in similar cases.
(Emphasis added.)
We disagree with the appellant’s position because we conclude that the appellant is not seeking in this action to enforce his pension contract; he is merely seeking review of action taken by the Board pursuant to that contract. There is no breach of contract issue, no need for declaratory relief to resolve a disagreement as to the terms of the contract, and no need for specific performance. The Board has rendered a decision within the framework of the pension contract and the criteria for determining entitlement to a line-of-duty disability pension.
In Teston v. City of Tampa, 143 So.2d 473 (Fla.1962), the supreme court said that the action of an administrative body is qua *1380 si-judicial if it has been entered pursuant to notice and hearing involving quasi-judicial determinations. Certainly the hearing held by the Board on the appellant’s pension claim was quasi-judicial in nature. Teston further held that when an order of an administrative body is quasi-judicial, then it is subject to review by certiorari in the absence of a method of review contained in the statute under which the administrative body operates. In Teston, the supreme court was considering the same enabling legislation (Ch. 21590, Laws of Fla. (1941)) as that which applies here. There is no valid method of review prescribed in the enabling legislation. Accordingly, according to Teston, review of the Board’s quasi-judicial determination is by certiorari.
For the foregoing reasons, we affirm the trial court’s order dismissing this action with prejudice.
Affirmed.
DANAHY, A.C.J., and HALL and PATTERSON, JJ., concur.