WIGGINGTON, Acting Chief Judge.
Appellant, Polar Ice Cream & Creamery Company, has appealed an order entered by the trial court denying its motion to dismiss on the ground of improper venue the complaint for declaratory decree brought against it by the Florida Milk Commission. The sole question presented for our decision is whether the chancellor ruled correctly in holding that venue of this action is properly laid in Leon County.
The complaint alleges in substance that Polar is a distributor of milk in the marketing area defined by the Commission and referred to as the Pensacola Milk Marketing Area over which the Commission obtained jurisdiction and control by virtue of an election held by the producers of that area pursuant to requirements of the statute; that prior to such election and assumption of control by the Commission Polar had for a long period of time paid to its producers stipulated prices for the milk purchased from them but that being displeased with the result of the election which vested control of the area in the Commission Polar arbitrarily and without cause reduced the price for milk paid by it to its producers contrary to the purpose, spirit and intent of the statute. As a result of the actions taken by Polar the Commission adopted a motion ordering Polar and others similarly situated to pay their producers for the milk purchased by them on the basis of their previous course of business dealings which were in effect prior to the election and assumption of control by the Commission over the marketing area in which Polar operates. Upon Polar’s refusal to comply with the mentioned order, this suit was instituted for the purpose of securing a judicial declaration as to the validity of the order and for such other and further remedial and coercive relief as may be appropriate. The complaint alleges that all conditions precedent to the enforcement of the Commission’s rights and the maintenance of this action have been performed or have occurred.
Polar filed a motion to dismiss the complaint on the ground of improper venue, alleging that Escambia County and not Leon County is the proper venue for the action. The motion is supported by an affidavit of *611 Polar’s Vice President averring that it is a domestic corporation whose office for the transaction of customary business is located in Escambia County, Florida, where the books of the corporation and its entire bookkeeping facilities are located; that all agreements between it and its producers have been made in the latter county where the cause of action, if any, accrued.
In its order denying Polar’s motion to dismiss the complaint the trial court held that since the purpose of the complaint was to obtain a judicial declaration as to the validity and application of the order entered by the Commission, the suit was properly instituted in Leon County, where the executive offices of the Commission are maintained.
Appellant relies upon the general venue statute relating to domestic corporations as support for its position that the proper venue of this action is in Escambia and not Leon County. The statute on which reliance is placed provides in pertinent part that suits against domestic corporations shall be commenced only in the county where such corporation shall have or usually keeps an office for the transaction of its customary business or where the cause of action accrued, or where the property in litigation is located.[1] Appellant asserts that the affidavit filed in support of its motion to dismiss affirmatively establishes without contradiction that it is a domestic corporation whose office for the transaction of its customary business is located in Es-cambia County and that the cause of action, if any, accrued in that forum. On the basis of this statute and the mentioned proof tendered in support thereof, Polar contends that the trial court erred in denying its motion.
The special venue provision of the Administrative Procedure Act on which the chancellor relied in denying Polar’s motion to dismiss applies to :my state board, commission, department or officer authorized by law to make rules, except the legislative and judicial departments of government, the military and the governor.[2] Part 3 of this Act relating to judicial review provides that any affected party may obtain a judicial declaration as to the validity, meaning or application of any rule by bringing an action for a declaratory judgment in the circuit court of the county in which such person'resides or in which the executive offices of the agency are maintained.[3] We pause to note that the right granted by this section of the statute to obtain a judicial declaration as to the validity, meaning or application of any rule adopted by a state agency is vested only in those persons who are affected by the adoption of such rule, which persons may institute the action either in the county where they reside or in the county where the executive offices of the agency are maintained. It is conceded that the Florida Milk Commission is a state agency within the purview of this act and that its executive offices are required by statute to be maintained in Leon County.[4]
Appellant contends that the special venue statute enacted as part of the Administrative Procedure Act has no application to the cause of action sued upon in this proceeding for the reason that the Commission is not an affected party authorized to bring such an action under the terms of the act, and secondly, the act applies only to rules of the Commission which have been formally adopted, filed with the Secretary of State, and published in accordance with the provisions of the Act.[5] Appellant vigorously asserts that the order issued by the Commission for the validity of which it now seeks a judicial declaration is not a rule within the contemplation of the Act for which a suit to obtain a judicial declaration as to its validity is authorized, and that even if it were, the Commission is not an affected par *612 ty within the meaning of the statute to whom the right to seek such judicial declaration is granted.
The definition of a rule as contained in the Act under consideration is defined as a rule, order, regulation, standard, statement of policy, requirement, procedure, or interpretation, of general application, including the amendment or repeal thereof, adopted by an agency to implement, interpret or make specific the law enforced or administered by it, or to govern its organization or procedure affecting the rights, duties, privileges or immunities of, or procedures available to the public or interested parties; but the rule shall not include matter concerning only the internal management of the agency.[6] Stripped of its irrelevant verbiage, this section of the statute defines the term “rule” as a rule or order of general application adopted by an agency which affects the rights of the public or other interested parties. The term “interested parties” as contained in the definition of the term “rule” does not apply to the agency adopting the rule, but only to those whose rights are affected by it. Relating 'the term “interested parties” as contained in this section of the statute to the term '“affected party” as contained in the special venue provision set forth in Part 3 of the Act relating to judicial review, it would logically follow that under the latter section of the Act the affected party in whom is vested the right to obtain a judicial declaration as to the validity or meaning of any rule adopted by a state agency is confined to those persons whose rights are affected by the rule, and does not extend to the agency which adopted it.
The order for which the Commission now seeks a judicial declaration as to its validity is not contained in the record on appeal. From the allegations of the complaint we conclude that the order in question is not of general application, but is directed primarily to Polar as an individual milk distributor operating in the Pensacola Milk Marketing Area, and only secondarily to the other distributors of that area similarly situated. It is our view that the order in question does not constitute a rule within the meaning of the Administrative Procedure Act.
Venue statutes have often been characterized as statutes of convenience. Their primary purpose is to require that litigation be instituted in that forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action. Under the theory urged by appellee in support of the order appealed, it would be possible for state agencies headquartered in Tallahassee to adopt by unilateral action rules and regulations and to issue orders affecting the rights of large segments of business and industry operating in the state, and by suit for declaratory decree instituted in Leon County require all affected parties to incur the inconvenience and expense of defending the action hundreds of miles from the county in which they live or maintain offices for the transaction of their business. We cannot believe such was the intent of the legislature in the adoption of the Administrative Procedure Act.
The order appealed is accordingly reversed and the cause remanded with directions that an appropriate order be entered transferring this case to the Circuit Court of Escambia County for further proceedings in accordance with the provisions of F.S. Section 53.17, F.S.A.
Reversed and remanded.
STURGIS and RAWLS, JJ., concur.

. F.S. § 46.04, F.S.A.

. F.S. Oh. 120, F.S.A.

. F.S. § 120.30(1), F.S.A.

. F.S. § 501.03(4), F.S.A.

. F.S. §§ 120.031, 120.041, 120.051, F.S.A.

. F.S. § 120.021(2), F.S.A.