227 So.2d 69 (1969)
Frank J. JEZEK, Appellant,
v.
Harry VORDEMAIER, Sr., Chairman, James Churchwell, Walter B. Decker, and the Florida Real Estate Commission, a State Agency and an Instrumentality of the State of Florida, Appellees.
No. 2016.
District Court of Appeal of Florida. Fourth District.
October 10, 1969.
*70 Jack B. Nichols, of Gurney & Skolfield, Winter Park, for appellant.
Frank A. Wilkinson, Winter Park, for appellees.
OWEN, Judge.
This is an appeal from an order dismissing with prejudice plaintiff's complaint against the Florida Real Estate Commission seeking declaratory judgment.
Frank Jezek had been a registered real estate broker for approximately six years but inadvertently failed to renew his certificate of registration when it expired on September 30, 1966. He discovered his oversight on April 13, 1967, and promptly submitted an application for renewal of his certificate. The application for renewal was disapproved because it had not been submitted within six months of its expiration date as required by Section 475.01(4), F.S. 1967, F.S.A., and the Commission's rules 315A-1.03 and 315A-7.04, Florida Administrative Code. The statute and these two rules are quoted in the margin.[1] Mr. *71 Jezek twice applied for and was granted informal hearings before the Real Estate Commission by which he requested the latter to reconsider its decision in denying his application for renewal. In each instance the commission refused to renew Mr. Jezek's certificate on the basis of the above-cited rules of the Florida Administrative Code.
Mr. Jezek then filed in the Circuit Court of Orange County his complaint for declaratory judgment reciting substantially the above matters, and also alleging the invalidity of such commission rules, seeking a declaration of their invalidity under Section 120.30(1), F.S. 1967,[2] F.S.A. Although the complaint was expressly filed pursuant to the latter statute, plaintiff's prayer for relief asked the court to determine the validity of the commission's denial of plaintiff's request to renew his broker's certificate. Praying for this relief could be understood either as seeking appellate review of the order, or as seeking declaration of the invalidity of the rules upon which the order was based. This obfuscation undoubtedly is directly responsible for appellant's present predicament. Defendant moved to have the court dismiss the complaint for lack of jurisdiction, on the grounds that under the guise of seeking declaratory relief plaintiff was actually seeking appellate review of an order of the Florida Real Estate Commission. The court's order dismissing the complaint did not state the grounds upon which it was entered, although this would have been better practice where some of the grounds of the motion went to the merits while others went to the court's jurisdiction.[3]
At the outset it should be emphasized that the statute[4] expressly provides, and cases clearly hold,[5] the proper method of appellate review of a quasi-judicial order entered by the Florida Real Estate Commission is by petition for writ of certiorari to the appropriate district court of appeal. If, as appellee argues, appellant's circuit court action was simply to obtain judicial review of the commission's ruling, he was simply in the wrong forum and the trial court correctly dismissed the complaint.
On the other hand, appellant being affected by an administrative rule had a right expressly provided by statute[6] and repeatedly recognized in the case law of this state,[7] to obtain a judicial declaration as to the validity of such rule. Thus, if the *72 purpose of appellant's circuit court action was to seek judicial determination of the validity of the rules of the Florida Real Estate Commission [notwithstanding that if plaintiff were successful the end result might conceivably give him relief from the ruling] then appellant was in the correct forum and his complaint should not have been dismissed.
The term "rule" referred to in Section 120.30, F.S. [authorizing a person to obtain a judicial declaration as to the validity of any rule] was intended to apply only to a rule or order promulgated by the agency in the exercise of its quasi-legislative authority having a general application and which uniformly affects the rights of the public or other interested parties coming within the agency's jurisdiction. This is to be distinguished from a "ruling" which is an order rendered by the agency in the conduct of a quasi-judicial proceeding which applies only to the issues in that proceeding and affects only the parties thereto [as to which ruling there would be no right to a judicial declaration under Section 120.30, F.S.][8].
Appellant contends, as part of his argument, that he could not have been seeking review of a quasi-judicial ruling because the "hearings" before the Real Estate Commission were not judicial in nature. In support of this argument appellant submits in his appendix copies of correspondence between his attorneys and the Real Estate Commission, and suggests in argument in the brief, that there was an absence of (1) sworn testimony, (2) a transcript of proceedings before the commission, and (3) a formal order or ruling of the commission containing its ultimate findings and conclusions. None of these matters were alleged in the complaint for declaratory judgment, and hence are not properly before this court. We simply note, as obiter dictum, that were these matters properly before this court as part of the record, it would be clear that the two "hearings" held by the real estate commission would not be sufficient to convert the purely administrative action (which it had taken pursuant to its rules) into a quasi-judicial action, reviewable only by certiorari.[9]
Our decision in this case does not turn upon the question of whether the ruling entered by the Real Estate Commission was purely an administrative action in applying its own rules, or whether it was in fact a quasi-judicial action. Rather, our decision turns upon a determination of the purpose of appellant's declaratory suit. Notwithstanding the inartful language of the prayer in the complaint for declaratory judgment, the allegations contained in the complaint satisfy us that the clear purpose of appellant's action in the circuit court was to seek an original determination of the invalidity of those rules of the Florida Real Estate Commission upon which the denial of appellant's application was based. No direct review of the commission's ruling is sought, nor would such ruling be affected unless the circuit court determined that the rules upon which it was entered were invalid and that their invalidity necessarily required a different ruling.
Appellee suggests that the appellant's efforts to obtain a declaration of the validity of the rule would not give appellant any relief from the action taken by the commission, because the rule is substantially identical to F.S. Section 475.01(4), F.S.A. It is well recognized that the test of the sufficiency of a complaint in a declaratory judgment proceedings is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory *73 and contentions, but whether he is entitled to a declaration of rights at all.[10] It should be kept in mind that we are not, at this point, faced with a determination of the merits of whether the rules of the Real Estate Commission under attack are valid or invalid, nor with the merits of whether they were properly applied in denying petitioner's application for renewal of his registration certificate. The question is simply whether he had the right to seek a judicial declaration as to the validity of one or more rules of the Real Estate Commission. We answer this question in the affirmative. The order dismissing the complaint is reversed and this cause remanded for further proceedings.
Reversed.
VANN, HAROLD R., Associate Judge, concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge (dissenting).
I very respectfully dissent for two basic reasons:
First: My reading of the record and understanding of the authorities leave this writer convinced that the proceedings before the Commission were of a quasi-judicial nature and that appellant is purely and simply seeking appellate review of an adverse ruling. If this be true then, as recognized, appellant must proceed by certiorari to the District Court of Appeal, and not otherwise.
Second: I feel that insufficient weight has been given to the trial court decision and that it has not received that presumption of correctness to which it is entitled. 2 Fla.Jur., Appeals, § 314. It is apparent that the procedures and language employed were cloudy, confused and subject to differing constructions. Without going into the proposition as to which position might be preferable if we were viewing the issue initially from the trial court level, I am persuaded that the appealed order finds adequate support in the record and that we have no appellate alternative but to affirm.
I would affirm.
NOTES
[1] Section 475.01, F.S. 1967, F.S.A.

"(4) `Registration' shall consist of the placing and keeping of the name and business address, and if of a salesman, the name and business address of the employer also, upon the list of brokers and salesmen in the offices of the Florida real estate commission, with the appropriate designation as `broker' or `salesman'. Said `registration list' shall be kept in books, or in files, as may be deemed expedient by the commission. Registration shall be in force for a period of six months after the expiration of the last certificate issued, or after the termination of any period of suspension, and no longer; but registration alone shall not entitle the registrant to operate as a broker or salesman." Fla.Ad.Code, § 315A-1.03.
"Beginning and termination of registration. Registration continues until it is forfeited or abandoned * * *. It is abandoned if it is not renewed within six months after the expiration of the last certificate issued to the registrant, or within six months after the termination of the license year in which a term of suspension expired, if, after appropriate proceedings, the commission finds that the terms and conditions of the suspension have been observed." Fla.Ad.Code, § 315A-7.04.
"Lapse of Registration. A person who has not requested a renewal and paid the fee on or before 6 months from date of expiration of certificate is no longer entitled to renew his registration. Any such person who thereafter desires to become a registrant may file an application, if, under the law and these rules, he is eligible to do so."
[2] Section 120.30(1), F.S. 1967, F.S.A. "Any affected party may obtain a judicial declaration as to the validity, meaning or application of any rule by bringing an action for a declaratory judgment in the circuit court of the county in which such person resides or in which the executive offices of the agency are maintained."
[3] May v. Holley, Fla. 1952, 59 So.2d 636.
[4] Section 475.35, F.S. 1967, F.S.A.
[5] Corbett v. McDonald, Fla.App. 1968, 206 So.2d 407; State ex rel. Florida Real Estate Commission v. Anderson, Fla.App. 1964, 164 So.2d 265.
[6] Section 120.30(1), F.S. 1967, F.S.A.
[7] Bayne v. Florida State Board of Dispensing Opticians, Fla. 1968, 212 So.2d 762; Stadnik v. Shell's City, Inc., Fla. 1962, 140 So.2d 871; Polar Ice Cream & Creamery Co. v. Andrews, Fla.App. 1962, 146 So.2d 609.
[8] Meiklejohn v. American Distributors, Inc., Fla.App. 1968, 210 So.2d 259; Polar Ice Cream & Creamery Co. v. Andrews, Fla.App. 1962, 146 So.2d 609.
[9] Teston v. City of Tampa, Fla. 1962, 143 So.2d 473; Harris v. Goff, Fla.App. 1963, 151 So.2d 642; Bloomfield v. Mayo, Fla.App. 1960, 119 So.2d 417.
[10] Rosenhouse v. 1950 Spring Term Grand Jury, Fla. 1952, 56 So.2d 445.