SPECTOR, Judge.
Respondent, an agency of the State of Florida, has filed a motion to dismiss this proceeding and asserts multiple grounds in support thereof. The proceeding sought to be dismissed is a petition for a writ of certiorari to review an “order” of the respondent board in accordance with Section 120.31(1), Florida Statutes, F.S.A., and in the alternative a petition for a writ of mandamus to compel the respondent to expunge its “order” aforesaid and to enforce the provisions of Section 509.221 (5) according to the clear wording of the said statute.
The principal ground for dismissing the certiorari proceeding to review the respondents’ “order” is that said “order” is not an “order” within the purview of Section 120.31(1), Florida Statutes, F.S.A., which provides for certiorari review of “ * * * the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, * * We agree. In Bay National Bank and Trust Company v. Dickinson, 229 So.2d 302 (Fla.App.1969), this court rendered its opinion distinguishing various “orders,” rules, and rulings entered by administrative agencies and held that only those “orders” which were quasi-judicial in nature were susceptible of review by certiorari under the intendment of Section 120.31(1), Florida Statutes, F.S.A.
We have examined the “order” sought to be reviewed by petitioners, and it is clear that the same falls within the statutory definition of the word “rule” found in Section 120.021(2), Florida Statutes, F.S.A., under Part I of the Administrative Procedure Act expressly relating to the rulemaking power of administrative agencies. The last cited statutory provision reads in material part:
“(2) Rule means rule, order, regulation, standard, statement of policy, requirement, procedure, or interpretation of general application, including the amendment or repeal thereof, adopted by an agency to implement, interpret or make specific the law enforced or administered by it, * * (Emphasis supplied.)
Section 509.221(5), Florida Statutes, 1969, F.S.A., reads in part as follows:
“ * * * Sheets and pillow slips after being used by one guest, must be washed and ironed before they are used by another guest, a clean set being furnished each succeeding guest.”
The petition alleges that on November 4, 1969, one of the respondents, J. H. Louchheim, III, as Director of the Division of Hotels and Restaurants of the respondent regulatory board issued an “administrative construction” of Section 509.-221(5), Florida Statutes, F.S.A., which stated after preliminary matter that the said Louchheim “ * * * do[es] hereby rule that the word ‘ironed’ as set forth in Chapter 509.221(5) shall include linens conventionally ironed through normal laundry processes, pre-ironed linens and no-iron linens.” Thereafter, petitioner alleges, the respondent board on December 16, 1969, “ * * * considered, affirmed and approved the ‘administrative construction’ of Section 509.221(5), Florida Statutes, adopted by the Division of Hotels and Restaurants * * * ” referring to the ruling of Mr. Louchheim quoted above.
It appears that the action taken on December 16, 1969, constitutes the “order” *348 that petitioner seeks to have reviewed by certiorari. The latter action is no more than an administrative construction of the subject statute. It, along with the earlier action of Mr. Louchheim dated November 4, 1969, constitutes a “rule” within the meaning of Section 120.021(2), Florida Statutes, F.S.A. Neither Mr. Louchheim’s administrative construction of November 4, 1969, nor the board’s action of December 16, 1969, affirming and approving the subject administrative construction of the statute is an “order” which is quasi-judicial in nature within the purview of Section 120.-31(1) so as to render same subject to review by this court in a certiorari proceeding. This conclusion is not inconsistent with the definition of the word “order” found in Section 120.21(3), a portion of the adjudication part of the Administrative Procedure Act, which reads in material part as follows:
“(3) Order means the whole or any part of the final decision * * * of any agency in any matter other than rule making but including licensing.” (Emphasis supplied.)
In view of the foregoing reasoning and discussion of the statutory provisions as they relate to the “order” which petitioner •seeks to have reviewed, we hold that cer-tiorari will not lie for that purpose. Bay National Bank and Trust Company v. Dickinson, supra.
The alternative prayer for a writ of mandamus must meet a similar fate. During the course of oral argument, counsel for both parties acknowledged that there is presently pending in the Circuit Court in and for Leon County, Florida, a declaratory judgment action by which the petitioner as plaintiff seeks a declaration as to the authority of the respondent board to construe the subject statute in the manner manifested by the action of its director on November 4, 1969, and the affirmance or ratification thereof by the full board on December 16, 1969. Apparently, such declaratory judgment action was brought by the petitioner under the authority of Section 120.30, Florida Statutes, F.S.A.
One of the leading principles pertaining to the issuance of writs of mandamus is that the petitioner has no other plain, adequate, and complete method of redressing the wrong or of obtaining the relief to which he is entitled. The rule as recited in one of the basic texts is found in 21 Fla.Jur., Mandamus, Section 15, as follows:
“So it is fundamental that in the absence of statutory provision to the contrary, mandamus may not be granted if the petitioner therefor has a legal remedy equally convenient, beneficial and effectual, of which he has failed to avail himself.”
In the case at bar, it not only appears that there is adequate legal remedy provided by law, as in Section 120.30, Florida Statutes, F.S.A., but it further appears that these petitioners have invoked such other remedy resulting in not only the unavailability of the mandamus writ, but an unnecessary multiplicity of actions tending to inundate an already busy court system.
Accordingly, the alternative prayer for the issuance of a writ of mandamus is also denied.
While the court concludes that neither certiorari nor mandamus is a proper remedy in view of the circumstances of this case, we must hasten to observe that in so holding we have not in any way considered the merits of petitioner’s claim nor do we intend in any way to pass upon the same inasmuch as that question is properly within the bosom of the Circuit Court in and for Leon County, Florida.
Respondents’ motion to dismiss is granted.
JOHNSON, C. J., and WIGGINTON, J., concur.