282 So.2d 168 (1973)
Fred O. DICKINSON, Jr., As Comptroller and Commissioner of Banking of the State of Florida, Petitioner,
v.
JUDGES OF the DISTRICT COURT OF APPEAL, FIRST DISTRICT, of the State of Florida, Respondents.
No. 43935.
Supreme Court of Florida.
July 18, 1973.
Rehearing Denied August 9, 1973.
Larry Levy, for petitioner.
S. Alan Stanley, of Turner, Hendrick, Guilford, Goldstein & McDonald, Coral Gables, for respondents.
PER CURIAM.
This is an original proceeding in prohibition seeking to prohibit the District Court of Appeal, First District from proceeding any further in the consideration of a petition for writ of certiorari filed by University Federal Savings and Loan Association with the First District Court of Appeal to review the order of the Comptroller approving the application of Franklin Savings and Loan Association for a branch office.
Seeking review of the order of the Comptroller approving Franklin's application on March 23, 1973, University Federal Savings and Loan Association filed a petition for writ of certiorari with the District Court. In response, the petitioner-Comptroller filed a motion to dismiss on the ground that, since the order to be reviewed was a quasi-executive order, review by certiorari in the District Court of Appeal was not the appropriate method of review.
A Rule Nisi was issued by this Court and return has been filed. This Court has heard oral argument, examined the record and considered the briefs.
The order entered by the Comptroller approving Franklin's application for a branch office was rendered in the performance of a quasi-executive or quasi-legislative function. *169 Washington Federal Savings and Loan Association v. Dickinson, 282 So.2d 167 (Fla. 1973); University Federal Savings and Loan Association of Coral Gables v. Dickinson, 269 So.2d 2 (Fla. 1972). See also Bay National Bank and Trust Company v. Dickinson, 229 So.2d 302 (Fla.App. 1969). Respondent is without authority to review the quasi-executive order of the Comptroller in this cause by an original proceeding in certiorari. Bay National Bank and Trust Company v. Dickinson, supra. In Laundry Public Health Committee of Florida v. Board of Business Regulation, 235 So.2d 346 (Fla.App. 1970), the court stated,
"The principal ground for dismissing the certiorari proceeding to review the respondents' `order' is that said `order' is not an `order' within the purview of Section 120.31(1), Florida Statutes, F.S.A., which provides for certiorari review of `* * * the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority, * * *.' We agree. In Bay National Bank and Trust Company v. Dickinson, 229 So.2d 302 (Fla. App. 1969), this court rendered its opinion distinguishing various `orders,' rules, and rulings entered by administrative agencies and held that only those `orders' which were quasi-judicial in nature were susceptible of review by certiorari under the intendment of Section 120.31(1), Florida Statutes, F.S.A."
Accordingly, respondent is without jurisdiction to proceed further in the consideration of the petition for writ of certiorari, and it was error to deny petitioner's motion to dismiss the appeal.
For the foregoing reasons, let the writ of prohibition issue.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS, BOYD and McCAIN, JJ., concur.