282 So.2d 171 (1973)
Helen and Luis CHARBONIER and Raul Charbonier, Jr., Petitioners,
v.
Winston W. WYNNE, Beverage Division Director, Department of Business Regulation, Respondent.
No. 73-305.
District Court of Appeal of Florida, Second District.
August 15, 1973.
Rehearing Denied September 21, 1973.
Paul Antinori, Jr., Antinori, Cohen & Thury, Tampa, for petitioners.
Herbert M. Klein, Tallahassee, for respondent.
*172 Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for amicus curiae.
LILES, Acting Chief Judge.
Helen and Luis Charbonier, owners of Ernesto Bar & Package and Raul Charbonier, Jr., owner of Char-Pal Lounge, have petitioned this court for writ of certiorari. Petitioners are holders of Alcoholic Beverage License Nos. 30-208 and 30-592, respectively. In August of 1971 the Division of Beverage filed a notice of charges against petitioners advising them that their qualifications for holding such licenses had been impaired in that they were suspected of bookmaking and extortion. On December 8, 1972 petitioners were convicted in Federal court of both charges. However, on January 11, 1973, the Division of Beverage, through its director Winston Wynne, entered into a stipulation agreement with petitioners whereby the petitioners agreed to pay certain civil penalties and also agreed to completely divest themselves of their beverage licenses within 60 days. Petitioners paid the fines and entered into a number of agreements intending to divest themselves of their interest in the beverage licenses. Petitioners had been specifically permitted to retain a purchase money interest in the licenses and the agreements reflected that they had taken advantage of this part of the stipulation. Application for transfer of License No. 39-208 was made January 24, 1973, while application for transfer of License No. 39-952 was made on January 31, 1973, 20 days after the agreement was entered into by the parties.
Thirty-five days later, on March 7, 1973, the Division of Beverage conducted a unilateral hearing styled "In re Investigation of" petitioners. Mr. Herbert Klein, chief counsel for beverage department, sat as the hearing officer. He conducted a rather lengthy hearing consisting of some 307 pages of record. On the next day the beverage director, Winston Wynne, mailed petitioners notice that the proposed transfers did not comply with the stipulation entered into with the beverage department in that there was not a complete divestiture. The automatic revocation provision of that stipulation was thereby invoked. On March 11, 1973, the 60 days provided for in the stipulation expired. Petitioners then sought review before the Board of Business Regulation. This proceeding was dismissed on motion. Petitioners now seek review by certiorari in this court.
There is no dispute that the Division of Beverage is permitted two avenues under F.S. § 561.29, F.S.A., whereby it may suspend or revoke the license of any licensee violating any laws of the state or of the United States. The first method involves a formal administrative hearing with notice, an opportunity to be heard, opportunity for cross-examination, sworn testimony, transcript of proceedings and formal order or ruling stating the factual findings of the hearing officer. Under these circumstances, an order of the hearing officer may be characterized as judicial or quasi-judicial in nature.
Under F.S. § 561.29(5) & (6), F.S.A., an alternative revocation procedure is available to the beverage department wherein the licensee and the beverage department, in order to expedite disposition of the case, may enter into a quasi-private stipulation or contract in addition to or in lieu of fines which may be imposed by the department for violations. Having entered into such a stipulation, either party is free to make its own individual determination of whether the "contract" has been breached. In this particular case the Beverage Department made such a decision, having conducted a unilateral hearing without notice, without opportunity to cross-examine, without formal factual finding, and without a formal order. Such a decision, in our opinion, can only be characterized as an executive decision on the part of the director.
*173 Judicial review of administrative orders is provided for in Florida's Administrative Procedure Act. Fla. Stat. § 120.30 et seq., F.S.A. (1) Section 120.30 permits any "affected party" to obtain a judicial declaration as to the validity, meaning or application of any rule by bringing an action for declaratory judgment in the circuit court. (2) Section 120.31 permits review by certiorari in the District Court of Appeal of final orders of an agency "in any agency proceeding, or in the exercise of any judicial or quasi-judicial authority." (Emphasis added). Where certiorari is granted in such a case, the court may issue its mandate, or order, with directions to the agency to enter such order in the proceeding as is appropriate on the record, or the court may remand the cause for such further proceedings as the court deems necessary to afford due process of law, establish sufficient record for review, accord the parties their rights and to accomplish the purposes and objectives of the law pursuant to which the administrative proceeding was initiated. F.S. § 120.31(2), F.S.A. (3) Additionally, F.S. § 120.31(4), F.S.A., provides that where appropriate, a party may attack adverse order by mandamus, prohibition or injunction. From the context of this subsection it is clear that the mandamus, prohibition or injunction proceedings may be brought to the District Court of Appeal.
It is the contention of the Division of Beverage that this court does not have jurisdiction at this stage of the case. Rather it has been argued that the present petition for certiorari should have been a suit for declaratory judgment in the circuit court as set out in (1) above. However, we do not believe that the "affected party" in this case actually is seeking a declaration as to the validity, meaning, or application of a rule or ruling of the agency. The language pertaining to the application of the rule seems apropos to the present case. Nevertheless, it has been held that this section of A.P.A. was intended to apply only to quasi-legislative determinations having a general application and which uniformly affect the rights of the public or other interested parties coming within an agency's jurisdiction. Jezek v. Vordemaier, 227 So.2d 69, 72 (4th D.C.A.Fla. 1969); see also, Polar Ice Cream & Creamery Co. v. Andrews, 146 So.2d 609 (1st D.C.A.Fla. 1962). In this sense the word "application" would usually refer only to one situation actually requiring a quasi-legislative determination by the agency. The determination may well settle the dispute of the affected party, however. This situation is normally where a party has no reservations as to the validity of the rule but does not believe that he falls within the class intended to be affected by the rule. Having voluntarily entered into a stipulation with the beverage department and having relied on the beverage laws and rules, it can hardly be said that the licensees herein have any dispute as to the applicability of any of these rules to their particular case. Rather, their problem arises from a belief that the rule has been arbitrarily applied in their case in derogation of due process concepts. It has been held that the nature of the suit in these situations may be determined by the intent of the parties seeking relief. See Jezek, supra, 227 So.2d at 72.
The licensees herein, rather than relying upon the methods of judicial review as set out in the A.P.A., have rather closely followed the method of review set out in the beverage law in F.S. §§ 561.29(7) (a) & (b), F.S.A. They have sought review before the Board of Business Regulation as set out in F.S. § 561.29(7)(a), F.S.A. The Board granted a motion to dismiss by the Beverage Division. They have now sought certiorari here as provided in F.S. § 561.29(7)(b), F.S.A. We believe they are properly before this court.
Where there is a statutory method of review embodied in the laws governing an agency, that method rather than those in the A.P.A. should be followed. Arvida Corp. v. City of Sarasota, 213 So.2d 756 (2d D.C.A.Fla. 1968). This is especially *174 true where the specific statutory method has a more recent legislative history. The laws of the Division of Beverage relating to review were rewritten only last year where the provision for review to the Board of Business Regulation was inserted.
As we have stated before, we view the determination by the Beverage Division (that the stipulation had been breached) as an executive decision, neither quasi-legislative nor quasi-judicial in nature. No order stating the director's findings was ever entered and the only evidence of his findings are embodied in the letters to the petitioners stating his conclusion that the petitioners had failed to completely divest themselves of their interests in the licenses. The transfers were disapproved and the licenses were considered revoked. The beverage department itself argues that the proceedings below were not quasi-judicial.
In view of our present procedural disposition of the case, we will refrain from any comment upon the merits. A few comments on the procedure are appropriate, however. The Beverage Director is given, quite correctly, great power over licensees. He has the power to hold formal quasi-judicial hearings and suspend, revoke or fine licensees for violations. In the instant case, following convictions for bookmaking and extortion, the licensees were permitted, nevertheless, to enter into an agreement with the department to divest themselves of their licenses in 60 days. Questions arose not only concerning whether complete divestiture had occurred but whether such a stipulation should have ever been entered into under the circumstances. Although petitioners had made an arguable attempt to divest themselves within three weeks of the stipulation, no action was taken by the department until the hearings, which occurred four days prior to the 60-day deadline. We must agree with petitioners that, once having entered into such an agreement, there was an implied condition that approval or especially disapproval of the transfers would be expedited. Perhaps it was. We have no facts before us indicating what occurred.
We wish to emphasize that we have grave reservations concerning the extent to which the stipulation method of enforcement should be used. F.S. § 561.29, F.S.A., embodies only two sentences involving such summary procedure and the language therein pertains largely to the power of the department to fine licensees. F.S. §§ 561.29(5) & (6), F.S.A. The language reads as follows:
"(5) The division may compromise at a summary hearing upon application therefor any alleged violations of the beverage law, by accepting from the licensee involved an amount not to exceed $1,000.00 for violations arising out of a single transaction. All funds so collected are to be deposited in the state general revenue fund.
(6) The division may suspend the imposition of any penalty conditioned upon terms the division should in its discretion deem appropriate."
In a situation, such as we have here, where the licenses are certainly to be taken out of the control of the licensees, we believe the prudent procedure to follow is to hold a formal, quasi-judicial, administrative hearing. The summary procedure would still be available for those instances where the prompt payment of fines and/or the prompt compliance with the Beverage Division's mandate to remedy a situation would result in probable retention of the license by the licensee.
Of course, we are not in the business of second-guessing administrative heads of state agencies. We only wish to point out some future considerations which will expedite disposition of this type of case. Although the intent of the department no doubt was to insure that the licensees herein were rapidly put out of the liquor business, further delay will be necessary before final disposition.
*175 As we have stated previously, the petitioners are properly before this court, having complied with the requirements for review under F.S. § 561.29, F.S.A. This statute makes no specific mention of any necessity for the entry of a judicial or quasi-judicial order before review may be obtained by certiorari. We would add that F.S. § 120.31, F.S.A., the Administrative Procedure Act's certiorari review provision, also permits review of the final orders of an agency entered in any agency proceeding without the necessity that the proceeding be judicial or quasi-judicial in nature.
By its very nature, however, certiorari review is greatly facilitated when the record under scrutiny was the product of a judicial or quasi-judicial proceeding and where an order containing specific findings of fact had been entered. It is significant then that the A.P.A.'s certiorari review provision, supra, permits the District Court of Appeal to issue its mandate with directions to enter
"... such order in the proceedings as is appropriate on the record, or the court may remand the cause for such further proceedings, including the taking of testimony, as may to the court seem necessary or proper:
(a) To accord the parties due process of law;
(b) To establish a sufficient record, for review;
(c) To accord the parties their constitutional, statutory or procedural rights; and
(d) To accomplish the purposes and objectives of the law pursuant to which the administrative proceeding was initiated."
Thus the A.P.A. provides a vehicle whereby the record below may be put in such order as to make review possible and meaningful when considering legal terms of art such as "substantial, competent evidence," "arbitrary and capricious," "procedural due process," et cetera. This court would, perhaps, have virtually the same power over the record in a non-statutory certiorari proceeding. However, we see no reason why we cannot assume these A.P.A. powers in any event where the method of review in the agency laws is very similar to the A.P.A. method of review, as it is here. Even assuming some legislative intent was required, we would have to say that, having enacted both the A.P.A. and the beverage laws, the legislature only inadvertently provided a method of improving the record in one instance and not the other.
With the foregoing in mind, we wish to reiterate that we have before us hearings conducted by a hearing examiner, without adequate notice, without opportunity to be heard, without the right of cross-examination, with no findings of fact by the examiner and with no order, other than the letters, being entered. We therefore remand this cause to the Division of Beverage with instructions to:
(1) Conduct a formal, adversary, administrative hearing with notice, opportunity to be heard and right of cross-examination.
(2) Enter an order containing specific findings of fact pertaining to:
(a) the completeness of the divestiture by the licensees;
(b) the fitness and qualification of the proposed license transferees.
(3) Enter an order stating the final administrative disposition of the licenses.
Certiorari is hereby granted and the cause is remanded to the Division of Beverage for proceedings consistent with this opinion.
*176 HOBSON, J., concurs.
McNULTY, J., dissents.
McNULTY, Judge (dissenting):
I must respectfully dissent. In my view the actions of the respondent of which review is sought are purely executive in nature and are not reviewable by certiorari which is a method of appellate review of judicial or quasi-judicial proceedings.[1]
Section 561.29(5), (6), Fla. Stat. 1971, F.S.A., expressly authorizes the executive action taken here; that is to say, the entering into a contract or stipulation disposing of the issues involved within the configuration of an alleged violation of the Beverage Law by a licensee. The Legislature in its wisdom clearly recognized the need for such an expedient in the disposition of the hundreds of such cases which surely must arise annually. Contrariwise, the majority opinion operates in net effect to compel the full knockdown, drag-out quasi-judicial proceeding contemplated by the provisions of Section 561.29(3), Fla. Stat. 1971, F.S.A., even though, in the proper exercise of his executive duties, the Beverage Director may well opt to take the aforesaid summary action in the interest of time, money and/or leniency. We are making an unwarranted intrusion upon the executive department of government.
Moreover, we do violence to the historical function and purpose of the extraordinary writ of certiorari. I would therefore deny such writ and leave petitioners to their remedy by injunction or otherwise in the circuit court.[2]
NOTES
[1] See, e.g., Teston v. City of Tampa (Fla. 1962), 143 So.2d 473; Bay National Bank and Trust Company v. Dickinson (Fla.App. 1969), 229 So.2d 302; Meiklejohn v. American Distributors, Inc. (Fla.App. 1968), 210 So.2d 259; Harris v. Goff (Fla.App. 1963), 151 So.2d 642; Bloomfield v. Mayo (Fla.App. 1960), 119 So.2d 417; and, cf., Williams v. Ferrentino (Fla.App. 1967), 199 So.2d 504. See, also, Section 120.31(1), Fla. Stat. 1971, F.S.A.
[2] See, e.g., Section 120.31(4), Fla. Stat. 1971, F.S.A.