JOHNSON, Judge.
Appellant seeks reversal of a final judgment dismissing his petition for a declaratory judgment, which petition sought a determination of whether the appellee lawfully stopped payments of welfare assistance to him.
The sole question for our determination is whether appellant’s mode of review was one of declaratory judgment proceedings or one of certiorari proceedings. We agree with the trial court and hold that appellant’s only method of review was by cer-tiorari and not by an action for declaratory judgment.
*595 Appellant is seeking review of an administrative order which is unquestionably quasi-judicial in character. The ruling in question was made pursuant to F.S. § 409.285, F.S.A., a statute requiring notice ánd a fair hearing. Appellant requested and received a fair hearing at which he appeared personally with his attorney and presented evidence in support of his position. F.S. § 120.31, F.S.A., clearly provides for the method of appellate review of final orders entered by a state agency in the exercise of its quasi-judicial authority, and that method is by certiorari in the district courts of appeal. Also see Board of Public Instruction of Duval County v. Sack, 212 So.2d 819 (Fla.App. 1st, 1968). While F.S. § 120.30, F.S.A., authorizes a person to obtain a judicial declaration as to the validity of a rule, the term “rule” referred to in said section
“was intended to apply only to a rule or order promulgated by the agency in the exercise of its quasi-legislative authority having a general application and which uniformly affects the rights of the public .... This is to be distinguished from a ‘ruling’ which is an order rendered by the agency in the conduct of a quasi-judicial proceeding which applies only to the issues in that proceeding and affects only the parties thereto [as to which ruling there would be no right to a judicial declaration under Section 120.30, F.S.]” (Emphasis supplied). Jezek v. Vordemaier, 227 So.2d 69 (Fla.App. 4th, 1969).
Also see Meiklejohn v. American Distributors, Inc., 210 So.2d 259 (Fla.App. 1st, 1968); Polar Ice Cream & Creamery Co. v. Andrews, 146 So.2d 609 (Fla.App. 1st, 1962).
Clearly, the order sought to be reviewed herein was a “ruling” entered by a state agency in the exercise of its quasi-judicial authority, and not a “rule” as contemplated by F.S. § 120.30, F.S.A.
Accordingly, the final judgment dismissing appellant’s action for a declaratory judgment is affirmed.
RAWLS, C. J., and SPECTOR, J., concur.