QUESTION: Are L H Bulletins issued by the Department of Insurance "rules" within the meaning of the Administrative Procedure Act?
SUMMARY: The L H Bulletins issued by the Department of Insurance are rules as defined by s. 120.021(2), F.S. 1973, and by s.120.52(13), F.S., as created by Ch. 74- 310, Laws of Florida. A rule, to be effective, must be adopted pursuant to the prescribed statutory procedures. Sections 120.54(3) and 120.56(2), F.S., provide methods for substantially affected persons to challenge rules. Section 2 of Ch. 74-310 grants the Administrative Procedures Committee authority to review rules of agencies. Section 120.021(2), F.S. 1973, defined rule to include: Rule means rule, order, regulation, standard, statement of policy, requirement, procedure, or interpretation of general application, including the amendment or repeal thereof, adopted by an agency to implement, interpret or make specific the law enforced or administered by it, or to govern its organization or procedure affecting the rights, duties, privileges or immunities of, or procedures available to the public or interested parties; but rule shall not include matter concerning only the internal management of the agency, nor special traffic regulations adopted by the department of highway safety and motor vehicles pursuant to chapter 316, or by the division of road operations of the department of transportation pursuant to the Florida transportation code. Agency action must be an exercise of its quasi-legislative powers to be within the purview of this section. See Boone v. Div. of Family Services, 297 So.2d 594 (1 D.C.A. Fla., 1974). A quasi-legislative act can be generally defined as being: Primarily concerned with policy considerations for future rather than the evaluation of past conduct; based not on evidentiary facts but on policy making conclusions to be drawn from facts; action affecting an entire class rather than individuals of the class; and action when particular members of a class are not singled out for special consideration based on their own facts. These descriptive phrases were capsulized in Polar Ice Cream Creamery Co. v. Andrews, 146 So.2d 609 (1 D.C.A. Fla., 1962). Stripped of its irrelevant verbiage, this section [s. 120.021(2), F.S., 1973] of the statute defines the term "rule" as a rule or order of general application adopted by an agency which affects the rights of the public or other interested parties. [(See) 146 So.2d at 612.] Upon analysis, the enclosed L H Bulletin appears to express general policy statements of the department and expressly interprets Ch. 74- 8, Laws of Florida, so as to be within the purview of s. 120.021(2), F.S. 1973.
Chapter 74-310, Laws of Florida, amended the rule definition, in part to provide: "Rule" means each agency statement of general applicability that implements, interprets, or prescribes law or policy, or describes the organization, procedure, or practice requirements of an agency and includes the amendment or repeal of a rule. This term does not include internal management memoranda which do not affect either the private interests of any person or any plan or procedure important to the public, legal memoranda or opinions prior to their use in connection with the agency action or the preparation or modification of agency budgets, contractural [sic] provisions reached as a result of collective bargaining, or agricultural marketing orders under chapters 573 or 601. The new and old definitions of the term "rule," as applicable here, are basically the same, and the L H Bulletin is within the purview of s. 120.52(13), F.S., as created by Ch. 74-310, Laws of Florida. According to the information provided me, the L H Bulletins were not promulgated pursuant to the statutory requirements of the old or new Administrative Procedure Act. No department can, without adhering to the statutory requirements, attempt to adopt rules that will have any validity, and any rule that is so adopted is void. [See] 1 Fla. Jur. Administrative Law ss. 71, 84, 89; York v. State, 10 So.2d 813 (Fla. 1943). The Legislature has provided alternative methods for a substantially affected person to challenge any rule in ss. 120.54(3) and120.56(2), F.S., and for critical review by the Administrative Procedures Committee in s. 2 of Ch. 74-310.