SCHEB, Judge.
Petitioner seeks a writ of certiorari to review an order of the Department of Transportation entered April 11, 1975, based upon a hearing held on September 25, 1974, under the provisions of Ch. 330, Fla.Stat. (1973).
Petitioner filed his petition in this court pursuant to Fla.Stat. § 120.68, of the new Administrative Procedure Act, effective January 1, 1975, which provides for judicial review of an agency’s decision by petition in the District Court of Appeal in the appellate district where the agency maintains its headquarters or where the party resides. Review proceedings are to be conducted in accordance with the Florida Appellate Rules. Fla.Stat. § 120.72(2) also effective January 1, 1975, however, provides :
All administrative adjudicative proceedings begun prior to January 1, 1975, shall be continued to a conclusion under the provisions of the Florida Statutes, 1973, except that administrative adjudicatory proceedings which have not progressed to the stage of a hearing may, with the consent of all parties and the agency conducting the proceeding, be conducted in accordance with the provisions of this act as nearly as is feasible.
Since the adjudicatory proceedings sub judice were heard on September 25, 1974, jurisdiction for review of the order complained of is governed by Florida Statutes, 1973.
Although the former Administrative Procedure Act provided for review by certiorari in the District Court of Appeal, see Fla.Stat. § 120.31 (1973), we have held that this section must yield to a specific mode of review when provided in the statutes governing a particular agency. Arvida Corp. v. Sarasota, Fla.App.2d 1968, 213 So.2d 756; Charbonier v. Wynne, Fla.App.2d 1973, 282 So.2d 171.
There is a specific method of review provided for orders of the Department of Transportation under Ch. 330. Fla.Stat. § 330.32 (1973) provides in part:
Any person aggrieved by an order of the division or by the grant, denial or revocation of any approval, license or certificate may have the action of the division *27 reviewed by the appropriate circuit court upon filing a petition for a writ of cer-tiorari within the time and in the manner provided by the Florida Appellate Rules.
Therefore, jurisdiction for the review being sought is properly in the Circuit Court, as provided by the Florida Statutes, 1973, which govern this proceeding.
Our jurisdiction having been invoked improvidently, this cause is transferred to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, in accordance with F.A.R. 2.1, Subd. a(S)(d).
McNULTY, C. J., and GRIMES, J., concur.