McNULTY, Chief Judge.
After a lengthy administrative proceeding, the record of which consumed in excess of 2,100 pages in 13 volumes, the ap-pellee Department revoked appellants’ license to sell and fit hearing aids. Within 30 days appellants filed a petition in the circuit court for a writ of certiorari to review that revocation.[1] The petition was not accompanied by the record or supporting briefs as prescribed by Rule 1.640, R. C.P. The trial judge determined that such omission was jurisdictional and dismissed the petition. We reverse.
From a brief relevant chronology of the proceedings below, it appears that the aforesaid petition for certiorari was timely filed on October 25, 1973. On the following day, appellants mailed directions to the appellee Department to prepare a record of the proceedings, the Department having custody of the records and files. On November 9, 1973, the circuit court granted appellants’ motion for an extension of time for filing the brief and a proper record, which was not indeed properly filed by ap-pellee Department until November 5, 1974, more than eleven months thereafter. Apparently concluding that he had previously erred in extending the time, the trial court entered the order appealed from, on the Department’s motion, on November 25, 1974.
Initially we point out that Rule 1.640, R. C.P., relating to certiorari in the circuit court, does not expressly provide that the court may extend the time within which the record and briefs shall be filed. It differs in this respect from the appellate rule on certiorari, Rule 4.5, F.A.R., the rule on which the trial court initially relied in granting the extension in the beginning.
This court held in State v. Williams[2] that the failure to accompany the petition for certiorari with the record and/or briefs under this latter rule was not jurisdictional. While Rule 1.640, supra, is silent on the matter we know of no reason why the same rule ought not apply notwithstanding. The filing of an accompanying record and/or supporting brief is a matter of form, and the rules are clearly directory or procedural in either case. The jurisdiction of the proper court having been invoked by the initial pleading, i.e., the petition, the court had inherent power to further justice by extending the time to file additional documents as may be necessary reasonably to comply with the scope and purpose of the rules.[3] After all, rules of procedure are calculated to expedite justice, not frustrate it.
Obviously, a 13 volume 2,100 page record cannot readily be obtained within 30 days by one aggrieved by an administrative ruling, particularly when the records and files are in the possession of the administrative agency itself. It cannot be said with reason, therefore, that the filing of such a
*846 record is a prerequisite to certiorari jurisdiction to review the rulings of such administrative agency which, under the present state of our law, are peculiarly amenable to such method of review.[4]
In view whereof, the order appealed from should be, and the same is hereby reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and BOARDMAN, JJ., concur.

. At the times relevant herein part III of Ch. 468, F.S.1973, relating to the fitting and selling of hearing aids, provided that review of an order of revocation entered by the Division of Health, Department of Health and Rehabilitative Services, was by certiorari to the circuit court. See § 468.133, F.S.A.1973. Under the eases, and notwithstanding that the administrative procedure act in force at that time provided that certiorari review lay in the District Court of Appeal, such review lay in the circuit court when that specific mode was prescribed by statute. See, e. g., Charbonier v. Wynne (Fla.App.2d, 1973), 282 So.2d 171; Florida Cities Water Co. v. Board of County Commissioners (Fla.App.2d, 1973), 281 So.2d 580; Arvida Corp. v. City of Sarasota (Fla.App.2d, 1968), 213 So.2d 756. Effective January 1, 1975, however, all such review is by certiorari to the District Court of Appeal.

. (Fla.App.2d, 1969), 227 So.2d 253.

. Cf. National Dairy Products Corporation v. Odham (Fla.1958), 100 So.2d 394.

. Nothing we say herein should be taken to suggest, of course, that the Department “sandbagged” appellants by waiting some eleven months properly to file the record and then moving to dismiss appellants’ petition for untimeliness thereof. We wonder, however, why we have to be concerned with this case in its present posture.