QUESTIONS: 1. Is a standard assessment procedure a rule? 2. Is a standard measure of value a rule? 3. Is a form and its instructions, promulgated pursuant to s. 195.022, F. S., a rule; would such a form be a rule if its sole use was by a county official in reporting to the Department of Revenue; would the written permission of the executive director allowing a county officer to use his own form constitute an order or a rule? 4. If the answer to any of the foregoing questions is yes, must such rules be published and indexed in the Florida Administrative Code?
SUMMARY: A standard assessment procedure prescribed pursuant to s.195.027, F. S., a standard measure of value promulgated pursuant to ss. 195.002 and 195.032, F. S., and a form and its instructions prescribed by s. 195.022, F. S., are rules under the provisions of Ch. 120, F. S. Such forms and instructions, whether or not a particular form was solely for use by a county official reporting to the Department of Revenue, are rules under the provisions of Ch. 120. Written permission by the executive director pursuant to s. 195.022 to a county official to use a form other than the forms described by the department is an order under Ch. 120, F. S., which requires that the standard assessment procedures, the standard measure of value, and the forms and instructions adopted by the department be filed, published, and indexed in the Florida Administrative Code. Section 195.062, F. S., provides: The department shall prepare and maintain a current manual of instructions for property appraisers and other officials connected with the administration of property taxes. This manual shall contain all rules and regulations, all instructions relating to the use of forms and maps, standard assessment procedures, and the standard measures of value prescribed by the department or by general law. . . . Your questions are answered in the affirmative. Preliminarily, it should be noted that Ch. 74-234, Laws of Florida, passed during the same legislative session as Ch. 74-310, Laws of Florida, contained no provisions which would alter the application of the Administrative Procedure Act to the Department of Revenue. There are no provisions in Ch. 120, F. S., exempting the department from the provisions of the act, and it is within s.120.52, defining agency. Attorney General Opinion 075-312. Therefore, if it is determined that the manual of instructions are rules under the statutory definition, it can be concluded that all pertinent provisions of the Administrative Procedure Act must be complied with by the department. This legal situation arises out of s. 4, Art. VII, State Const., providing: By general law regulations shall be prescribed which shall secure a just valuation of all property for ad valorem taxation . . . . Section195.027(1), F. S., provides that the Department of Revenue shall prescribe reasonable rules and regulations for the assessing and collecting of taxes. Section 195.002, F. S., provides that the Department of Revenue shall have general supervision of the assessment and valuation of property so that all property will be placed on the tax rolls and valued according to its just valuation. Section 195.032, F. S., provides that, in furtherance of the requirements set out in s. 195.002, the Department of Revenue shall establish and promulgate standard measures of value not inconsistent with those standards provided by law. Section195.022, F. S., provides that the Department of Revenue shall prescribe and furnish all forms to be used in administering and collecting ad valorem taxes. Section 195.062, F. S., provides that the Department of Revenue shall prepare and maintain a current manual of instructions which shall contain all rules and regulations, all instructions relating to the use of forms and maps, standard assessment procedures, and the standard measures of value prescribed by the department or by general law for property appraisers and other officials connected with the administration of property taxes. The term "rule" as it is used in Ch. 120, F. S., must be defined to determine whether a standard assessment procedure, a standard measure of value, and a form and its instruction promulgated pursuant to s. 195.022, supra, are rules within the purview of that definition. Agency action must be an exercise of its quasilegislative powers to be within the purview of s. 120.54, F. S. See Boone v. Div. of Family Services,297 So.2d 594 (1 D.C.A. Fla., 1974); AGO 075-12. This quasi-legislative act can be generally defined as being primarily concerned with policy considerations for future, rather than the evaluation of past, conduct; based not on evidentiary facts but on policymaking conclusions to be drawn from facts; action affecting an entire class rather than individuals of the class; and action when particular members of a class are not singled out for special consideration based on their own facts. These descriptive phrases were capsulized in Polar Ice Cream Creamery Co. v. Andrews,146 So.2d 609 (1 D.C.A. Fla., 1962) at 612: Stripped of its irrelevant verbiage, this section [s. 120.021(2)] of the statute defines the term "rule" as a rule or order of general application adopted by an agency which affects the rights of the public or other interested parties. Section 120.52(14), F. S., defines the term "rule" as meaning: . . . each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency and includes the amendment or repeal of a rule. The term does not include: (a) Internal management memoranda which do not affect either the private interests of any person or any plan or procedure important to the public, (b) Legal memoranda or opinions issued to an agency by the attorney general or agency legal opinions prior to their use in connection with the agency action, or (c) The preparation or modification of: 1. Agency budgets, 2. Contractual provisions reached as a result of collective bargaining, or 3. Agricultural marketing orders under chapter 573 or chapter 601. It is a well-settled rule of statutory construction that where the language of a statute is plain and unambiguous and conveys a clear and definitive meaning, there is no occasion for resort to the rules of statutory interpretation. The Legislature should be held to have intended what it has plainly expressed. 30 Fla. Jur. Statutes s. 79, pp. 230-231 (1974). The legislative intent and meaning of the term "rule," as it is used in Ch. 120, F. S., is unequivocally expressed in s.120.52(14). See AGO 075-12. Thus, in view of the above, the inescapable conclusion is that a standard assessment procedure prescribed pursuant to s. 195.027, F. S., and a standard measure of value promulgated pursuant to ss. 195.002 and 195.032, F. S., must be considered rules under the provisions of Ch. 120. The conclusion is mandated by the fact that they are unambiguous statements by the Department of Revenue that implement and interpret the Constitution and legislative policy of just valuation for ad valorem tax purposes of all property and provide for a uniform assessment as between property within each county and property in each other county or taxing district and are not mere internal memoranda which do not affect either the private interests of any person or any plan or procedure important to the public. Section 195.0012, F. S.; Burns v. Butscher, 187 So.2d 594
(Fla. 1966); Powell v. Kelly, 223 So.2d 305 (Fla. 1969); Container Corporation of America v. Rutherford, 293 So.2d 379 (1 D.C.A. Fla., 1974). It seems equally clear that a form and its instructions prescribed pursuant to s. 195.022, F. S., are likewise a rule. The form and instructions are department statements of general applicability to all property appraisers, tax collectors, clerks of the circuit courts, and boards of tax adjustment in administering and collecting ad valorem taxes which describe the procedure and practice requirements of the department in order that all property will be assessed, taxes will be collected, and that the administration will be uniform, just, and otherwise in compliance with the requirements of the general law and the Constitution. Such forms and instructions could not reasonably be considered an exception to the definition of a rule as set forth in s. 120.52(14), F. S. There remains the question of whether or not written permission of the executive director allowing a county officer to use his own form in lieu of those forms prescribed by the department constitutes an order or a rule. Section 195.022, supra, provides that the department is to prescribe and furnish all forms to be used by county officials in administering and collecting ad valorem taxes. A county officer may, however, at his own expense and with the showing of good cause receive written permission from the executive director to use a form other than the form prescribed by the department pursuant to s. 195.022. Chapter 120, F. S., does not contain any reference to such terms as adjudication, rights, duties, privileges, or immunities. Cf. Bay National Bank and Trust Company v. Dickinson, 229 So.2d 302, 306 (1 D.C.A. Fla., 1969); Dickinson v. Judges of District Court of Appeal, First District,282 So.2d 168 (Fla. 1973); Lewis v. Judges of District Court of Appeal, First District, 322 So.2d 16 (Fla. 1975). It would appear that, by deleting these terms from the statute, the limitations placed on the definition of the term "order" under Ch. 120, F. S. 1973, are not applicable as parameters. The new Ch. 120, F. S. 1975, covers all final agency actions. See Levinson, The Florida Administrative Procedure Act: 1974 Revision and 1975 Amendments, 29 U. Miami L. Rev. 617 (1975). Section 120.52(2) and (9), F. S., define the terms "agency action" and "order" as follows: (2) "Agency action" means the whole or part of a rule or order, or the equivalent, or the denial of a petition to adopt a rule or issue an order. The term also includes any request made under [s. 120.54(4)]. (9) "Order" means a final agency decision which does not have the effect of a rule and which is not excepted from the definition of a rule, whether affirmative, negative, injunctive, or declaratory in form. An agency decision shall be final when reduced to writing. Thus, based upon these definitional changes by the Legislature, it is my opinion that the term "order," within the meaning and context of Ch. 120 includes the agency's quasi-judicial powers, part of the agency's quasi-executive powers, and so much of the exercise of its "quasi-legislative" function not considered part of the rulemaking process. Broward County v. The Administration Commission, 321 So.2d 605 (1 D.C.A. Fla., 1975); Lewis v. Judges of District Court of Appeal, First District, supra. In view of the above definition, it is my opinion that such written permission by the executive director to a county official, based on good cause shown, to use a form other than the forms prescribed by the department is an order as the term is contemplated under Ch. 120, F. S. Such written permission would affect the private interests of persons whose property is being taxed under such form and is therefore a procedure important to the public. The written permission does not have the effect of a rule since it is not an agency statement of general applicability. In view of the affirmative answers to your questions concerning whether or not a standard assessment procedure prescribed pursuant to s. 195.027, F. S., a standard measure of value promulgated pursuant to ss. 195.002 and 195.032, F. S., and the forms and instructions prescribed pursuant to s. 195.022, F. S., are rules for the purposes of Ch. 120, supra, the rules must be published and indexed in the Florida Administrative Code. Section120.54(10)(b) provides that: Twenty-one days after the notice required by subsection (1), or after the final public hearing, if the hearing extends beyond the 21 days, the adopting agency shall file with the Department of State three certified copies of the rule it proposes to adopt, a summary of the rule, a summary of any hearings held on the rule, and a detailed written statement of the facts and circumstances justifying the rule. Section 120.55, F. S., provides that: (1) The Department of State shall: * * * * * (b) Publish in a permanent compilation entitled "Florida Administrative Code" all rules adopted by each agency . . . and complete indexes to all rules contained in the code. . . . It is my opinion that Ch. 120, F. S., will require that the standard assessment procedures, the standard measures of value, and the forms and instructions adopted by the department be filed, published, and indexed in the Florida Administrative Code.